OPINION
Appellant Richard Thigpen appeals a judgment of the Stark County Common Pleas Court convicting him of Possession of Crack Cocaine (R.C. 2925.11(A)):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE SEIZURE OF APPELLANT WAS NOT BASED UPON A SPECIFIC OBJECTIVE AND PARTICULARIZED SUSPICION THAT APPELLANT HAD BEEN ENGAGED IN CRIMINAL ACTIVITY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AND ARTICLE 1, SECTION 14 OF THE OHIO CONSTITUTION.
 II. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S NONFLAGRANT IMPROPER REMARKS DURING CLOSING ARGUMENT IN WHICH THE PROSECUTOR IMPERMISSIBLY FOCUSED UPON THE APPELLANT'S FAILURE TO TESTIFY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN PERMITTING TESTIMONY CONCERNING DRUG DEALER CHARACTERISTICS WHERE NO FOUNDATION WAS ESTABLISHED THAT THE MATTERS WERE BASED UPON THE EXPERIENCE AND OBSERVATION OF THE WITNESS IN VIOLATION OF EVID.R. 701, THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IV. THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION OF THE STATE OF OHIO.
 V. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL WITHOUT A HEARING IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 VI. THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO SECURE MEDICAL DOCUMENTATION THAT APPELLANT HAD RECOVERED FROM INJURIES SUSTAINED IN AN ACCIDENT ONE WEEK PRIOR TO TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
On April 26, 1997, Officer Daniel Harless of the Canton Police Department was patrolling near the 300 block of Cleveland Avenue, N.W. Police had experienced problems in the past with drug activity in the area, and with people lingering after the bars closed.
At 3:30 a.m., Officer Harless pulled up in his cruiser and began talking to officers in another cruiser, who were watching the area facing northbound on Cleveland Avenue. While sitting at this location, Officer Harless observed two black males, one taller than the other, standing near Libby's Restaurant. Officer Harless continued to observe the two men.
A short time later, Officer Harless observed a blue Cadillac pull into the parking lot near the area. A white female emerged from the general area where the Cadillac parked. The woman approached the shorter black male, and began to carry on a conversation.
Approximately ten to fifteen seconds later, the taller black male, later identified as appellant, walked out of Officer Harless' view. Approximately ten seconds later, the woman followed appellant. Shortly thereafter, the shorter black male followed the white female.
Based on his five and one-half years as a police officer, including work on a drug interdiction team, Officer Harless felt that possibly a drug transaction was about to unfold. He surmised that the shorter black male was the lookout, who finds people for various drug dealers. Officer Harless decided to wait approximately thirty seconds before driving in the direction of the three individuals, because based on his experience, it takes approximately thirty seconds for a drug deal to begin.
After waiting for about thirty seconds, Officer Harless accelerated up Cleveland Avenue. He took a quick left onto Fourth Street. His high beam lights were on. Officer Harless jumped out of the cruiser, and began walking toward the three individuals he previously observed. The woman had her right hand held out toward appellant. In her left hand, she held what appeared to be a bill of currency. The officer began walking toward appellant. The woman turned and walked toward the officer. He observed that she had a $10 bill in her hand. He went past the woman, and toward appellant. When he was approximately five feet from appellant, he observed appellant's right hand go to the right side of appellant's leg. The officer then observed several tin foil packets fall from the right side of appellant's body. Shortly thereafter, the officer saw paper currency fall to the ground.
The officer told appellant to place his hands against the wall. The officer recovered the tin foil packets and the currency. The tin foil packets contained crack cocaine.
After appellant was arrested, the officer removed a black leather bag from appellant's waist. Inside the bag was a clear plastic zip-lock baggy containing crack cocaine. In addition, the officer recovered $769 from appellant's person.
Appellant was charged with Possession of Crack Cocaine. He moved to suppress the cocaine on the basis that Officer Harless lacked a reasonable suspicion of criminal activity to justify stopping him. The motion to suppress was overruled. The case then proceeded to jury trial in the Common Pleas Court. Appellant was convicted as charged, and sentenced to eight years incarceration.
 I.
Appellant argues that the court erred in overruling his motion to suppress, because the seizure of appellant was not based upon a specific, objective, and particularized suspicion that appellant was engaged in criminal activity.
Not every contact between a police officer and a citizens involves a "seizure" of a person. A seizure occur only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. State vs. Smith
(1989), 49 Ohio St.3d 255. A slight intrusion into a person's freedom is justified where the police officer can point to specific articulable facts, which taken together with reasonable inferences from those facts, warrant the officer's belief that criminal activity has occurred or may occur. Terry vs. Ohio
(1968), 392 U.S. 1.
In the instant case, Officer Harless' actions leading up to appellant's action of discarding the drugs did not constitute a seizure within the meaning of the Fourth Amendment. Officer Harless drove around the corner, with the high beams on his cruiser illuminated. He jumped from the car, and began walking toward appellant and the woman. According to Officer Harless' testimony, which was the only evidence presented at the suppression hearing, appellant was looking at a brick wall while the officer was approaching. The woman, who had been speaking with appellant, turned toward Officer Harless, and walked directly toward him. Officer Harless took no action to restrain appellant's movement in any manner until he saw the tin foil packets drop from the area of appellant's right hand, which was hidden from the officer's view. The seizure in the instant case did not occur until the officer told appellant to place his hands against the wall.
Appellant appears to argue that the stop occurred as soon as the officer jumped form the vehicle. However, the record demonstrates that he was merely walking toward appellant and the woman in an attempt to see what was going on, and there is nothing to indicate that he took any action to restrain their movement in any way.
In addition, appellant appears to argue that the officer was required to have a reasonable suspicion of criminal activity before he pursued appellant and the woman behind the building. This contention is without merit. Chronological events can enhance or diminish a reasonable perception, leading to probable cause. State vs. Kattman (July 12, 1991), Stark App. No. 8412, unreported. Investigation becomes possibility of criminal conduct, which becomes suspicion of criminal conduct (as a purely subjective, gut feeling), which becomes a reasonable, articulable suspicion, which becomes cause to believe a crime had been committed. Id. In the instant case, based on his past experience in drug deals, the officer almost immediately had a subjective, gut feeling that a drug deal was about to occur. At this point, the officer certainly could conduct further investigation, without implicating Fourth Amendment concerns.
The first Assignment of Error is overruled.
 II.
In his second Assignment of Error, appellant claims prosecutorial misconduct in closing argument. Appellant argues that the prosecutor improperly commented upon his failure to testify.
The test for prosecutorial misconduct is whether the conduct at trial was improper, and whether it prejudicially affected the substantial rights of the defendant. State vs. Lott (1990),51 Ohio St.3d 160, 165, cert. denied, 112 L.Ed.2d 596. In rebuttal closing argument, the prosecutor stated that appellant attacked everything the officer said, and called the officer a liar, but did not present any evidence that the officer lied. Tr. 303.
Counsel for appellant argued at great length that the case turned on credibility, and that the officer lied. In fact, virtually the entire closing argument of appellant focused on the fact that the officer was biased, was lying, and had no evidence to substantiate his story. The prosecutor's comment that appellant had no evidence to substantiate his allegation that the officer was lying was a fair comment based on the state of the record. Further, the court instructed the jury that the burden of proof was on the State. Tr. 306.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court erred in allowing Officer Harless to characterize the money found on appellant's person as "drug fold" money.
If a witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those which are rationally based on the perception of the witness, and helpful to a clear understanding of his testimony or the determination of a fact in issue. Evid.R. 701. The admission and exclusion of relevant evidence rests within the sound discretion of the trial court. State vs. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus.
Officer Harless testified that the money found in appellant's pockets was folded over in different denominations, in different stacks, and loosely piled on top of each other, facing different directions. Tr. 163. The officer testified that based on his experience with past drug cases, and his training in drug interdiction, the manner in which the money was folded indicated that it was "drug fold" money. Tr. 164. The officer testified that people usually carry money in that manner when narcotics is involved because when they receive money from buyers, they stack the money on top of other money, and they remember or write down who gave them each stack, so they don't need to count the money on the street.
The officer's opinion that the money was drug fold money was rationally based on his perceptions, and his past experience. In addition, whether the money found on appellant's person was derived from drug transactions was helpful to determine a fact in issue. Although appellant was not charged with trafficking, the fact that he had money derived from drug sales on his person tended to prove that he, rather than the other two individuals at the scene, possessed the drugs.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the judgment is against the weight of the evidence, as the officer's testimony was not credible. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. State vs. Thompkins
(1997), 78 Ohio St.3d 380, 387. When a Court of Appeals reverses a judgment on the basis that the verdict is against the weight of the evidence, the court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
Appellant's sole argument to the jury was that the officer was inconsistent concerning the amount of cocaine which he discarded from his hand. However, according to the officer's testimony, appellant was the only person in the area when the drugs fell from the right side of his body. In addition, the officer testified that he removed additional baggies from a bag on appellant's person. The judgment is not against the manifest weight of the evidence.
The fourth Assignment of Error is overruled.
 V.
Appellant argues that the court erred in denying his motion for a new trial. Appellant argued that because of injuries sustained in an automobile accident, he was unable to properly assist in his defense at trial. Appellant attached medical records indicating that he suffered injuries from an accident several days before trial began.
Appellant's motion did not demonstrate that he suffered any prejudice at trial from injuries sustained in the accident. The evidence attached to the motion demonstrated that he was injured in a car accident. However, neither the motion nor the evidence attached to the motion, indicated that such injuries prevented him in any way from being able to communicate and participate in his defense.
The fifth Assignment of Error is overruled.
 VI.
Appellant argues that counsel was ineffective for failing to move for a continuance until he could recover from injuries sustained during the automobile accident.
There is nothing in the record to suggest that appellant was prevented from assisting in his defense due to injuries received in a car accident. Because appellant relies on evidence outside the record to support his claim of ineffective assistance, this claim should be raised on a petition for post-conviction relief. This court is limited to the record before the court on appeal.State vs. Ishmail (1978), 54 Ohio St.2d 402. There is nothing in the record to indicate that counsel was ineffective for failing to request a continuance, as the record does not demonstrate that injuries prevented appellant from participating in his defense.
The sixth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.