THE STATE OF OHIO, APPELLANT, *v.* ISHMAIL, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* DONALD, APPELLEE.

(Nos. 77-577 and 77-578—Decided June 21, 1978.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellant in Cases Nos. 77-577 and 77-578.

*Mr. Max A. Levin,* for appellees in Cases Nos. 77-577 and 77-578.

Cook, J. The threshold issue in each case is whether a reviewing court can add matter to the record before

it, which was not part of the trial court proceedings, and then decide the appeal on the basis of the new matter.

In the causes *sub judice,* the trial court did not consider the transcript of proceedings of the hearing at which the guilty pleas were entered in denying defendants-appellees' petitions for post-conviction relief. The Court of Appeals granted leave for the record to be supplemented by the addition of that transcript. The Court of Appeals then reversed the judgments of the trial court and vacated the guilty pleas on the basis that the trial court failed to adhere scrupulously to Crim. R. 11(C)(2) in accepting the guilty pleas, a conclusion gleaned from the transcript of the plea proceedings. But see *State* v. *Stewart* (1977), 51 Ohio St. 2d 86.

We find no reported cases in Ohio deciding this precise question. However, there are several reported cases which are helpful in determining the issue.

In *State, ex rel. Klorer,* v. *Fimple* (1914), 91 Ohio St. 99, the relatrix in a mandamus action sought an order requiring the trial judge to allow and sign a bill of exceptions in a matter which had been referred to a referee and the referee had not returned a bill of exceptions to the trial judge. This court discussed the function of a bill of exceptions in such a case and the statutory duty, pursuant to G. C. 11484, of the referee to return such a bill of exceptions to the court. This court stated at pages 102-103:

"The function of a bill of exceptions is to bring upon the record matters material to further judicial inquiry which would not otherwise appear. The trial judge here naturally and properly answers that he has no personal knowledge respecting the proceedings before the referee. For information upon that subject he was confined to the referee's report. *That report was before him as the sole basis of his action in overruling exceptions and in rendering judgment. It is equally available to the court of appeals. It is to be observed that in this case the report of the referee was confirmed and judgment rendered upon it and upon it alone. There could, therefore, have been*

*no evidence whatever before the court of common pleas
that was not embraced in the report of the referee, already
a part of the record."* (Emphasis added.)

The Court of Appeals for Montgomery County in
*Bennett* v. *Dayton Mem. Park & Cemetery Assn.* (1950),
88 Ohio App. 98, relied upon *Klorer* in holding in para-
graph one of its syllabus:

"In an appeal on questions of law the reviewing court
may consider only that which was considered by the trial
court and nothing more."

In the *Bennett* case, a bill of exceptions was not al-
lowed and signed by a referee and returned with his re-
port to the Court of Common Pleas, as required by law,
and no bill of exceptions was before the Court of
Common Pleas at the time of entry of judgment on the
report of the referee, from which judgment an appeal was
taken.

The Court of Appeals stated, at page 101, in its op-
inion:

"It is axiomatic that in an appeal on questions of
law the reviewing court may consider only that which was
considered by the trial court and nothing more. 2 Ohio
Jurisprudence (App. Rev., Pt. I), 296, Section 150. Inas-
much as the trial court did not have before it the bill of
exceptions and could not have considered its contents, this
court may not consider it. A reviewing court may not
consider the contents of a bill of exceptions filed by the
referee when it appears that the bill was not returned to
the trial court until after final judgment was rendered by
the trial court on the report of the referee. The record in
this case shows clearly the underlying reason for the
statutory requirement that the referee return the bill of
exceptions to the court with his report; otherwise the court,
in rendering final judgment, may consider only the report
of the referee, and, in that event, it necessarily follows
that the reviewing court, in reviewing the final judgment,
may consider only the report of the referee."

Since a reviewing court can only reverse the judg-

ment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings.

The record in the instant causes indicates the trial court did not review the transcript of proceedings of the hearing at which the guilty pleas were entered prior to denying appellees' petitions for post-conviction relief. Therefore, that transcript was properly not involved in the record of the trial court proceedings transmitted to the Court of Appeals.

We conclude it was prejudicial error to the state of Ohio, appellant herein, for the Court of Appeals to add the transcript to the record before it and to render its decision based upon the contents of that transcript.

The judgments of the Court of Appeals are reversed and the causes are remanded to that court for further proceedings not inconsistant with this opinion.

*Judgments reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, COLE and LOCHER, JJ., concur.

COLE, J., of The Third Appellate District, sitting for P. BROWN, J.

COOK, J., of The Eleventh Appellate District, sitting for SWEENEY, J.