MEMORANDUM DECISION
This is an appeal by defendant, Deborah S. Western, from a judgment of the Franklin County Municipal Court, finding defendant guilty of failure to stop for a flashing red light.
On August 21, 1997, defendant was charged with violating Columbus City Code ("C.C.C.") Section 2113.06. The charge arose out of an accident on that date at the intersection of North Wilson Road and the I-70 westbound ramp, involving defendant's vehicle and a semi-tractor driven by Daniel E. Skeens.
On August 26, 1998, defendant filed a motion to set aside a judgment of conviction and to withdraw a previously entered guilty plea. By entry filed September 3, 1998, the trial court granted defendant leave to file a not guilty plea. Defendant subsequently entered a plea of not guilty and the matter was scheduled for a non-jury trial.
The trial court heard evidence on November 6, 1998, and issued an entry on that date finding defendant guilty of the charged offense. Defendant was fined $50 plus costs.
On appeal, defendant sets forth the following five assignments of error for review:
 1. DANIEL E. SKEEN WAS DRIVING THE VEHICLE HEADING NORTHBOUND ON N. WILSON ROAD. MR. SKEEN COULD ONLY TESTIFY TO THE COLOR OF THE TRAFFIC LIGHT FACING HIS DIRECTION. HE COULD NOT HAVE POSSIBLY SEEN THE COLOR OF THE TRAFFIC LIGHT OR THE OPERATION OF THE TRAFFIC SIGNAL THAT WAS FACING MY DIRECTION. HE COULD ONLY SPECULATE ON WHAT HE THOUGHT THE COLOR OF THE TRAFFIC SIGNAL FACING MY DIRECTION SHOULD HAVE BEEN. MR. SKEEN WAS NOT A IMPARTIAL WTINESS AS HE WAS INVOLVED IN THE SUBSEQUENT ACCIDENT AND THEREFORE HIS TESTIMONY MAY HAVE BEEN SOMEWHAT BIAS.
 2. K.M. MORRIS, THE CITING OFFICER WAS CALLED TO THE SCENE AFTER THE ACCIDENT OCCURRED. HE DID NOT WITNESS ME RUNNING A FLASHING RED LIGHT. OFFICER MORRIS TOOK THE STATEMENT FROM MR. SKEEN'S ALLEGATION AS TO WHAT HAD OCCURRED. OFFICER MORRIS DID NOT TAKE A STATEMENT FROM THE IMPARTIAL WITNESS, SHERRY WALTON NOR DID HE TAKE MY STATEMENT. INSTEAD, HE CAME TO THE EMERGENCY ROOM AT THE HOSPITAL WHERE I WAS TAKEN WITH THE WRITTEN CITATION, AND ADVISED ME THAT HE WAS ISSUING ME THE CITATION BASED ON THE STATEMENT OF A WITNESS AT THE SCENE OF THE ACCIDENT. HIS TRAFFIC REPORT INDICATES THE ONLY WITNESS WAS SHERRY WALTON. MS. WALTON'S STATEMENT TO THE ALLSTATE REPRESENTATIVE DOES NOT AGREE WITH HIS TRAFFIC CRASH REPORT AS TO MY RUNNING A FLASHING RED LIGHT.
 3. AFTER SEVERAL MONTHS AND NUMEROUS ATTEMPTS, I WAS FINALLY ABLE TO SECURE A RESPONSE FROM THE CITY OF COLUMBUS, PUBLIC SERVICE DEPARTMENT AS TO THE STATUS OF THE TRAFFIC SIGNAL AT THE TIME OF MY ACCIDENT. THEY ACKNOWLEDGE THAT THE TRAFFIC SIGNAL WAS MALFUNCTIONING, AND THEY COULD NOT SAY WHAT THE OPERATION OF THE TRAFFIC SIGNAL WAS AT THE TIME OF THE ACCIDENT.
 4. SHERRY WALTON WAS THE ONLY WITNESS THAT COULD HAVE GIVEN AN IMPARTIAL STATEMENT. SHE WAS THE DRIVER OF THE VEHICLE DIRECTLY BEHIND MY VEHCILE. MS. WALTON WOULD HAVE OBSERVED WHETHER OR NOT IF I HAD CLEARANCE TO GO THROUGH THE LIGHT. MS. WALTON WAS SUMMON ON TWO (2) SEPARATE OCCASIONS BY THE COURT REGARDING THIS MATTER AND SHE FAILED TO APPEAR BEFORE THE COURT. MY ATTORNEY REQUESTED THE COURT TO ISSUE A BENCH WARRANT, BUT THE COURT REFUSED THE REQUEST.
 5. WHEN THE COURT ASKED THE CITY OF COLUMBUS IF I HAD ANY PRIOR TRAFFIC VIOLATIONS? THE RESPONSE WAS YES. THEY TRIED TO USE THIS VERY CITATION AS A PRIOR VIOLATION. THE JUDGE DID NOT REQUEST THAT INFORMATION BE STRIKE FROM THE RECORD, EVEN WHEN MY ATTORNEY OBJECTED.
Defendant's brief does not comply with the Rules of Appellate Procedure as defendant fails to set forth an argument with respect to each assignment of error presented for review. See App.R. 16. However, in the interests of justice, we will attempt to ascertain the issues raised under defendant's statement of the assignments of error. Further, in the absence of separate arguments by defendant, we will consolidate the assignments of error for purposes of review.
In defendant's statement of the first and second assignments of error, defendant appears to contend that her conviction was against the manifest weight of the evidence. Specifically, defendant challenges the testimony of the city's two witnesses at trial, Kevin Morris and Daniel Skeens.
As noted above, defendant was cited under C.C.C. 2113.06, pertaining to "flashing traffic signals." C.C.C. 2113.06(a) states:
 Whenever an illuminated flashing red or yellow traffic signal is used in a traffic signal or with a traffic sign it shall require obedience as follows:
 (a) Flashing red stop signal: Operators of vehicles shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the rear side of the intersection, or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.
C.C.C. 2131.18(a) pertains to stop and yield right-of-way signs, and states in relevant part: "After having stopped, the driver shall yield the right of way to any vehicle * * * in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."
The record indicates the following testimony at trial regarding the incident. Daniel E. Skeens testified that, on August 21, 1997, he was driving a semi-truck northbound on Wilson Road at approximately 5:15 a.m. Just minutes earlier, he had dropped off the trailer he had been hauling. According to Skeens, as he approached the intersection of Wilson Road and the off-ramp for I-70, the traffic signal at the intersection was flashing yellow for traffic in his direction, and flashing red for traffic on the off-ramp lane. When Skeens reached the intersection, a vehicle driven by the defendant made a left-hand turn from the I-70 off-ramp into the path of Skeen's semi-truck. Skeens attempted to veer to the left but he could not avoid colliding with defendant's vehicle. Skeens testified that defendant "ran through the red, flashing light." (Tr. 18.)
Columbus Police Officer Kevin Morris was dispatched to the accident scene that morning. Officer Morris testified that when he arrived at the scene, the traffic lights were flashing yellow for the north and southbound lanes of traffic, and "flashing red for the exit ramp from 70." (Tr. 6.)
Later that morning, Officer Morris went to the hospital and spoke with the defendant. Officer Morris testified that the defendant "pretty much gave the same story [as the other witnesses]; the light was flashing, thought she could make it, got hit by the truck." (Tr. 8.) Officer Morris stated that defendant indicated that she knew the light was flashing red, but that "she thought she could make it through." (Tr. 9.)
Officer Morris testified that he spoke with a witness at the scene who had been in a vehicle behind defendant on the ramp at the time of the accident. He also spoke with the driver of the semi-truck. According to the officer, "[a]ll the stories correlated." (Tr. 10-11.) The officer testified that:
 I asked everybody the same question at the scene. I asked the truck driver what happened. He stated he had the flashing yellow. I asked Ms. Western at the hospital what happened. I asked the witnesses. They had the flashing red. Ms. Western thought she could it through, and the truck hit her. (Tr. 11.)
The defendant testified on her own behalf. According to the defendant, when she exited I-70 and approached the intersection of Wilson Road the light was red. Defendant testified that she stopped and waited until the light changed to green, at which time she proceeded out into the intersection.
The defendant gave the following account of her conversation with Officer Morris at the hospital:
 * * * [H]e said he was citing me for failure to yield for a flashing red light, and that was based on testimony of a witness and the driver's account. And I said, "I didn't run that light." I said, "But I am in too much pain," because I didn't know if I was going to live or die. You know, I was just traumatized. But I said, "I'm not going to argue with you." And that was the end of the conversation that I had with the police officer. (Tr. 29.)
Defendant contends that Skeens was not an impartial witness, and thus his testimony may have been biased. Defendant also challenges the testimony of Officer Morris. Specifically, defendant argues that the officer's testimony that an accident witness, Sherry Walton, stated that defendant ran a flashing red light, conflicts with a statement Walton gave to an insurance representative.
We note that, attached to defendant's brief is a purported transcript of a telephone conversation between Sherry Walton and an Allstate insurance representative. However, as noted by the city, the transcript, based on a telephone conversation, was not made under oath, and neither the transcript nor the testimony of Walton was introduced (or subject to cross-examination) during the November 6, 1998 proceedings before the trial court. A reviewing court is "limited to what transpired in the trial court as reflected by the record made of the proceedings." State v. Ishmail (1978), 54 Ohio St.2d 402, 406. Thus, the transcript attached to defendant's brief is not properly before this court on appeal.
In the present case, the issue before the trial court was primarily the credibility of the witnesses. There was conflicting testimony between the witnesses regarding whether the light was flashing red for the defendant. The record indicates that there was testimony before the court that the light was flashing red when defendant pulled out onto Wilson Road, and the court chose to believe this testimony over defendant's account. It was within the province of the trial court, as the trier of fact, to assess the credibility of the witnesses, and we will not substitute our judgment for that of the trial court under these circumstances. Based upon testimony that the light was flashing red for defendant, there was evidence by which the trial court could have concluded that defendant had a duty to yield the right of way to Skeen's vehicle in the intersection. Accordingly, the trial court's finding that defendant violated the city ordinance at issue is not against the manifest weight of the evidence.
Under defendant's statement of the third assignment of error, defendant cites to a letter from the city's public service department. The letter, attached to defendant's brief, was apparently generated in response to an inquiry by defendant regarding the operation of the traffic signal at the intersection of Wilson Road and the I-70 westbound ramp on August 21, 1997. In the letter, a systems engineer for the city indicates that "we are unable to determine whether the signal was functioning in flashing operation or was functioning in stop-and-go operation at the time of the accident." The record indicates that this letter (which is inconclusive regarding the information sought) was not introduced during the trial of this matter and thus is not properly before this court on appeal.
Under defendant's statement of the fourth assignment of error, defendant appears to contend that the trial court erred in failing to issue a bench warrant for Sherry Walton. Specifically, defendant asserts that "my attorney requested the court to issue a bench warrant but the court refused the request." However, despite defendant's contention, the record fails to indicate that defense counsel requested the court to issue a bench warrant; nor did defense counsel proffer for the record what counsel believed Walton's testimony would have been. Further, assuming that Walton's testimony was relevant, defendant could have requested a continuance until the court could take steps to compel her attendance at trial. See State v. Rice (June 6, 1991), Cuyahoga App. No. 58643, unreported.
Finally, under defendant's statement of the fifth assignment of error, defendant argues that the city attempted to use defendant's traffic citation in the instant case "as a prior violation." Defendant contends that the trial court should have stricken from the record the prosecutor's erroneous statement.
The city argues that the transcript indicates that the trial court was aware of the error in the prosecutor's reference to a prior conviction. Upon review of the transcript, we agree. The record shows that defense counsel noted on the record that, although defendant had paid an $80 fine on the "original" charge, "[t]he conviction hasn't been taken off yet, even though we reopened the case." (Tr. 36.) The trial judge responded that it "[s]hould have been." (Tr. 36.) Based on the record before this court, defendant has not shown that she was prejudiced by the misstatement of the prosecutor.
Based upon the foregoing, defendant's first, second, third, fourth and fifth assignments of error are overruled and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
KENNEDY and BRYANT, JJ., concur.