OPINION
Defendant-appellant Chad Crum appeals his sentence entered by the Delaware County Court of Common Pleas on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) with a firearm specification pursuant to R.C. 2941.145, following appellant's entering a plea of guilty. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On October 10, 1997, the Delaware County Grand Jury indicted appellant on one count of aggravated robbery and four counts of theft. Each count was enhanced with a firearm specification. Two other individuals, Charles Hampton and Mike Bolin, were similarly indicted based upon the same conduct giving rise to appellant's charges. At his arraignment on October 14, 1997, appellant entered a plea of not guilty to all charges. Appellant ultimately entered into a plea agreement with the State. On December 22, 1997, the parties appeared before the trial court. At that time, the State advised the trial court on the record in open court of the agreement. After inquiring of appellant, the trial court permitted appellant to withdraw his plea of not guilty to aggravated robbery as set forth in Count One of the Indictment and enter a plea of guilty to the charge as well as the firearm specification. In exchange, the State agreed to dismiss the remaining counts of the Indictment. The trial court sentenced appellant to a term of imprisonment of three years for aggravated robbery and a mandatory term of three years on the firearm specification. The trial court ordered the mandatory term on the firearm specification be served consecutive and prior to the period of incarceration for the aggravated robbery count. Subsequently, in mid-1998, Charles Hampton, appellant's co-defendant, entered into a similar plea negotiation with the State. However, on July 7, 1998, Hampton filed a Petition to Vacate Judgment and Sentence, maintaining he was not guilty of aggravated robbery or the firearm specification because he had carried a toy gun during the robbery; therefore, he never admitted he brandished or possessed a firearm or used a firearm to facilitate the offense. The trial court conducted a hearing on October 1, 1998, and granted Hampton's petition. Hampton again entered into a plea negotiation with the State in which he agreed to enter a guilty plea to one count of robbery with a one year firearm specification, and the State agreed to dismiss the remaining counts of the indictment. The trial court accepted the plea and sentenced Hampton to a period of incarceration of two years for robbery and an additional one year mandatory term on the firearm specification. In light of what he believes to be a disparity between his sentence and Hampton's sentence, appellant sought leave to file a delayed appeal, which this Court granted on January 7, 2000. Appellant raises the following as his sole assignment of error:
 THE TRIAL COURT ERRED IN IMPOSING A THREE YEAR MANDATORY SENTENCE ON THE DEFENDANT UNDER THE SPECIFICATIONS OF R.C. 2941.145 WHEN R.C. 2941.141 WAS THE APPROPRIATE SECTION.
 I
Herein, appellant maintains the trial court erred in its imposition of a three year mandatory sentence on the firearm specification. Appellant explains R.C. 2941.141 is the applicable section. Appellant submits his being sentenced to a three year mandatory term of imprisonment on the firearm specification constitutes a manifest injustice because the information disclosed during Hampton's plea hearing revealed the "gun" brandished by Hampton during the robbery and which was used to support the firearm specification in appellant's case was, in reality, a toy gun. In support of his position, appellant attaches the judgment entry granting Hampton's motion to withdraw plea; the written text of the Rule 11(F) negotiations between the State and Hampton; the judgment entry of Hampton's sentence; and an excerpt from the transcript of Hampton's plea hearing. On appeal, this Court's review is limited to those materials in the record which were before the trial court. State v. Ishmail (1978), 54 Ohio St.2d 402. Because the aforementioned material was not part of the record in this matter when the trial court imposed appellant's sentence on December 22, 1997, this Court cannot consider such on direct appeal therefrom. Upon our review of the record as it existed before the trial court, we cannot find the trial court abused its discretion in imposing a three year mandatory sentence on the firearm specification. Appellant's sole assignment of error is overruled. The sentence of the Delaware County Court of Common Pleas is affirmed.
 ___________________ Hoffman, J.
By: Gwin, P.J. and Reader, V.J. concur