Appellant John Absher appeals from an order of the common pleas court revoking his notary public commission for violating his oath of office. This order was based on his guilty plea conviction[1] to attempted tampering with records in violation of R.C. 2913.42 and R.C. 2923.02.
The trial court sentenced defendant to four months in the county jail, but suspended execution of his sentence and placed him on one-year probation with conditions. On June 30, 1999, the prosecutor notified the Notary Public Commission of Absher's conviction which arose out of his complicity with a co-defendant in notarizing fraudulent signatures on automobile title documents. The Notary Public Commission subsequently sought to revoke his commission to act as a notary public.
On September 30, 1999, the matter proceeded to a hearing before the administrative judge of the common pleas court. The prosecutor summarized the background concerning defendant's guilty plea conviction and explained why it impaired his ability to serve as a notary public:
 I believe that given Mr. Absher's office as a notary public, and given the fact that the charges against him stem from fraudulent notarizations which he performed on at least two occasions, I thought that the [C]ommission should be informed.
 I believe that had the matter proceeded to trial before Judge Mannen the evidence would have shown that the defendant fraudulently notarized titles in at least one case, that title had a bogus signature, a fraudulent signature.
 I believe the evidence would have further shown had the matter proceeded to trial that the defendant was working in conjunction with his associate and the co-defendant in that case, Mr. Joseph Goff, in essence, to run an operation in which they would frequently in a very short time span change titles over to different people to muddy the trail of who originally fraudulently and wrongfully obtained titles to cars. [Tr. 5-6.] The prosecution presented testimony from the Notary Public
Commission Executive Secretary James French. French summarized the nature of a notary public's duties and the significance of their function in ensuring that documents and signatures are in fact what they purport to be. When notaries public do not discharge their duties with integrity, it undermines the ability of the public to rely on what they certify. French stated that honesty and integrity are essential in carrying out their duties. He referred to Exhibit 4, A Manual for Notaries Public published by the Commission, which contained a basic description of principles governing the office.
French also discussed Exhibit 1, Absher's most recent application for a renewal of his commission, filed on June 16, 1997, requesting a new five-year term of office. Applicants are required to disclose, inter alia, convictions for any criminal offense since their last commission was issued. French indicated that, following his conviction for attempted tampering with records, Absher would no longer qualify to serve as a notary public. Finally, French discussed Exhibit 2, the letter notifying him of Absher's conviction, and Exhibit 3, a certified copy of the journal entry of Absher's conviction.
Absher appeared with counsel and testified on his own behalf. He admitted that he pleaded guilty to the crime, but stated he was not informed that his conviction for attempted tampering with records might impair his ability to serve as a notary public. Absher submitted copies of the automobile title documents which he alleged formed the basis for his conviction. He maintained that someone appeared before him professing that his name was Robert Slis. Although he did not require identification from the man, the other party to the transaction swore that the person was in fact Slis.
The common pleas court thereafter entered the following journal entry:
 This matter came on for hearing this 30th day of September, 1999. A complaint has been filed by the Cuyahoga County Prosecutor, William F.B. Vodrey, Assistant Prosecuting Attorney. The issue before this court is to determine whether or not the Notary Public Commission of John Absher should be revoked.
 It is the finding of this court that, based upon the evidence submitted, Mr. John Absher has violated his oath of office; and that his Notary Public Commission which was initially issued on August 14, 1992 and renewed on June 16, 1997, be revoked.
 IT IS, THEREFORE, the recommendation of this court and the Notary Public Commission of Cuyahoga County, that the Governor of the State of Ohio revoke the notarial license of John Absher.
Absher timely appeals, arguing that he was denied due process because there was insufficient evidence to support the common pleas court's finding that he violated his oath of office. The prosecution's brief on appeal argues that this court of appeals lacks jurisdiction to review the judgment of the common pleas court because only the Governor can revoke notary commissions. A motion panel instructed the parties to submit additional briefing on the jurisdictional issue. Absher submitted a two-page brief and the prosecution repeated the same arguments made in its merit brief.
Before considering the merits of the common pleas court's judgment, this court must address its subject matter jurisdiction to entertain the appeal. The prosecution emphasizes the Governor's general powers to appoint and revoke notary commissions in R.C. 147.01. R.C. 147.01 provides in pertinent part as follows:
 (A) The governor may appoint and commission as notaries public as many persons who meet the qualifications of division (B) of this section as he considers necessary.
* * *
 (C) A notary public shall be appointed and commissioned as a notary public for the state. The governor may revoke a commission issued to a notary public upon presentation of satisfactory evidence of official misconduct or incapacity. (Emphasis added.) The prosecution ignores, however, that Chapter 147 of the
Revised Code also vests common pleas courts with authority to remove notaries public from office in certain specified circumstances. R.C. 147.03
specifically applies when a notary violates his oath of office as in the matter at bar, and provides in pertinent part as follows:
 A notary public who violates the oath required by this section shall be removed from office by the court of common pleas of the county in which he resides, upon complaint filed and substantiated in court, and the court, upon removing a notary public from office shall certify the removal to the governor. (Emphasis added.)
See also R.C. 147.13, which provides for the removal by the common pleas court of notaries from office for charging excessive fees, and R.C. 147.14, which provides for removal by the common pleas court of notaries from office for certifying an affidavit without administering an oath.
The common pleas court in the matter at bar found that Absher violated his oath of office and ordered that his notary public commission be revoked. Notice of its order was also sent to the Governor. See e.g., In Re Hayman (Com.Pl. 1896), 5 Ohio Dec. 550. Because this case involves special statutory proceedings in a common pleas court to revoke a notary commission under R.C. 147.03, we need not express any opinion on the scope of the Governor's authority to appoint or remove notaries and we need not engage in judicial review of such an order.
An order of the common pleas court that revokes a notary public commission constitutes a final order that affects a substantial right made in a special proceeding under R.C. 2505.02(B)(2). This court has subject matter jurisdiction to review such an order, as in other appeals from lower court orders, pursuant to R.C. 2501.02 and R.C. 2505.03. Accordingly, having found jurisdiction, we now turn to the parties' arguments on the merits.
Absher's sole assignment of error follows:
 APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FOUND APPELLANT HAD VIOLATED HIS OATH OF OFFICE.
This assignment lacks merit.
Absher contends there is no evidence he violated his oath of office. He argues that every statement made on his application for renewal of his notary public commission was true when made and the record does not show that he subsequently violated his oath because he pled guilty only to attempted tampering with records.
Absher either construes too narrowly or misunderstands his oath of office. R.C. 3.23 contains the general oath of office in the Revised Code and provides in pertinent part as follows:
 The oath of office of every other officer, deputy, or clerk shall be to support the constitution of the United States and the constitution of this state, and faithfully to discharge the duties of his office. (Emphasis added.)
Applicants for notary public commissions are required to know and pass a test concerning the duties of their office and each applicant receives a copy of the Manual for Notaries Public which describes them. R.C. 147.51
specifically defines notarial acts to include administering oaths and affirmations, taking proof of execution and acknowledgment of instruments, and attesting documents.
The record contains a certified copy of Absher's conviction and he has not denied either his guilty plea or his conviction.[2] It is not merely that Absher's conviction impairs his ability to perform as a notary public, but that his offense was connected with his office and arose out of his notarial acts on public documents. See In Re Hayman, supra (revoking the commission of a notary who unfaithfully discharged his duties by certifying blank public employee salary receipts).
Even if Absher pled guilty only to attempted tampering with records, the common pleas court could properly find that such an attempt violated his oath because he did not faithfully discharge the duties of his office. It is incompatible with an oath of public office to attempt to violate it.
The record shows, contrary to Absher's argument, that he was afforded due process. Absher was given notice and an opportunity to be heard, as well as all rights during an adversary hearing while represented by counsel. The revocation of his conviction is supported by sufficient evidence.
Accordingly, Absher's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., CONCURS; KENNETH A. ROCCO, J., DISSENTS (See Dissenting Opinion).
[1] On March 10, 1999, in Case No. CR-364667.
[2] The prosecution asserts in its brief for the first time on appeal that Absher has a second similar conviction in Case No. CR-364841. Because no evidence of such conviction appears in the record and no such information was presented to the common pleas court, we do not consider this belated assertion. See State v. Ishmail (1978),54 Ohio St.2d 402.