OPINION
This case is before us on the delayed appeal of Augustus Franklin from his conviction and sentence on five counts of rape. On July 1, 1998, Franklin was indicted on four counts of rape, with force, of a person less than 13 years of age, and on one count of rape with force, of a person 13 years of age or older. All the rape charges were felonies which carried sentences of life imprisonment, except count five, which was a felony of the first degree.
Originally, counsel was appointed for Franklin, but on August 21, 1998, retained counsel (Rion Rion) was substituted. Trial was ultimately set for March 1, 1999. However, on that date, Franklin appeared in court and entered an Alford plea to all five counts of rape. At the time, Franklin's attorney explained that his client was entering the plea against the attorney's advice. Basically, Franklin maintained his innocence, but was unwilling to risk the possibility of receiving five consecutive terms of life imprisonment. As part of the plea agreement, the State agreed not to oppose concurrent terms of imprisonment.
After conducting a dialogue with Franklin about the plea, the court accepted the guilty plea and referred the matter for a pre-sentence investigation. Additionally, the court noted that the Adult Probation Department would prepare a sexual predator evaluation for the case. The court's remarks indicate that the probation department's report would be "signed off" on the date of disposition, but the court did not specifically discuss a sexual offender classification hearing or what might transpire at such a hearing.
Subsequently, on March 2, 1999, Franklin filed a request for a polygraph exam. Franklin indicated that he did not propose to stipulate the polygraph into evidence to dispute a finding of guilt, nor was he asking the State to stipulate to any findings. Instead, Franklin indicated that he was trying to give the court evidence about all relevant factors for sentencing, pursuant to R.C. 2729.12 (an obvious typographical error, since sentencing factors are outlined in R.C.2929.12). The State opposed Franklin's request, and the court overruled the motion on April 1, 1999.
Also on March 2, 1999, Defense counsel faxed a motion to the court, asking that a member of the defense team be allowed to interview Franklin in the Greene County Jail for purposes of preparing evidence to present at the sentencing hearing and sexual predator hearing. The fax sheet and motion are in the court file, but are not separately time-stamped or docketed. Instead, they are simply located at the end of the motion for a polygraph exam. The court did not apparently rule on this motion, i.e., no evidence of a ruling appears in the record.
On March 17, 1999, the court filed a notice scheduling "final disposition" for April 28, 1999. This notice did not mention a sexual offender classification hearing. On the same day, the court filed an entry, ordering a psychologist to examine Franklin for purposes of a sexual predator classification. The psychologist was also ordered to submit a report to the Adult Probation Department. A second notice was then filed on April 27, 1999, rescheduling the disposition hearing to May 12, 1999. Again, the notice did not mention a sexual offender classification hearing.
The State did subpoena the psychologist for the May 12, 1999 hearing. However, neither side presented testimony at the hearing and the record does not indicate if the psychologist even appeared. Instead, the court simply noted that it had reviewed the pre-sentence investigation report. The court then asked if Franklin or his attorney wished to add anything in mitigation, but they declined to do so.
After these remarks, the court proceeded to sentence Franklin to a definite life sentence on four rape counts, and to five years on the other rape count, all to run concurrently. Subsequently, the court went on to consider Franklin's status as a sex offender. In this regard, the court simply noted that due to Franklin's conviction for sex offenses, Franklin was a sexual predator. As a result, the court imposed lifetime registration requirements.
Franklin did not immediately appeal from the conviction and sentence. However, on November 29, 1999, he filed a pro se motion to withdraw his guilty plea. This motion recited two grounds: 1) imposition of $430 in court costs that were not part of the plea bargain; and 2) ineffective assistance of counsel. Specifically, Franklin alleged (without supporting affidavits) that his attorney had said evidence could not be introduced to show that the victim had a venereal disease and that Franklin did not have the disease. By contrast, Franklin contended in his motion that this evidence could have been introduced under R.C. 2907.02(D). The record does not indicate what action, if any, was taken on the motion to withdraw the guilty plea.
On November 29, 1999, Franklin also filed a pro se notice of appeal and a motion for leave to file a delayed appeal with our court. As an explanation for the delay, Franklin said that his attorney, Mr. Rion, was supposed to file an appeal, but did not. Franklin further said he did not learn about this problem until after the time for filing an appeal had expired. We allowed the delayed appeal, and appointed counsel for Franklin. Appointed counsel now urges the following assignments of error:
I. The trial court denied Teddy his due process rights when it did not allow him to present a defense in the sexual predator part of the sentencing.
II. The court abused its discretion when it declared Teddy to be a sexual predator by his conviction without a sexually violent predator specification being on the indictment.
III. The evidence to declare Teddy a sexual predator was insufficient.
IV. Appellant's [sic] was denied effective assistance of counsel when the first trial attorney failed to investigate the case or interview any of the witnesses.
V. The sentencing of Defendant was improper because the court is required to give reasons for the sentence when it has handed down consecutive sentences or a combination of sentences equal to the maximum for the most serious offenses.
After considering the assignments of error, we find that the trial court erred by failing to comply with the mandatory notice provision for sexual offender classification hearings. As a result, this matter will be remanded for a hearing on that issue. In all other respects, the judgment and sentence of the trial court is affirmed.
 I
The first three assignments of error relate to the sexual predator classification and will be considered together. In the first assignment of error, Franklin contends his due process rights were violated because the court did not let him present a defense in the sexual predator hearing. The second assignment focuses on the lack of a "sexually violent predator" specification in the indictments, and the third contends that the evidence was insufficient to support a finding that Franklin was a sexual predator.
Normally, we would find a waiver of the first argument, because Franklin did not ask to present evidence at the disposition hearing. However, the Ohio Supreme Court has recently said that trial courts must strictly comply with the notice provisions of R.C. 2950.09(B)(1). Statev. Gowdy (2000), 88 Ohio St.3d 387, 398. In this regard, R.C.2950.09(B)(1) says that "[t]he court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing." The court also stressed that notice of the sentencing hearing does not constitute notice of the sexual predator classification hearing.
As in the present case, the defendant in Gowdy received no formal notice of the sexual offender classification hearing and his counsel did not object at the time of the hearing. Nonetheless, the Ohio Supreme Court found plain error and vacated the sexual predator classification. Significantly, the Court said:
 we hold that the notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory. Notice of the sentencing hearing is not sufficient notice of the sexual offender classification hearing. Absent compliance with the mandatory notice provision, defendant's classification as a sexual predator must be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties.
 Id. at 399. Based on Gowdy, we are required to vacate Franklin's classification as a sexual predator and remand the case to the trial court for a sexual offender classification hearing, with proper advance notice to Franklin.
While Franklin's failure to contest the issue might imply notice, the record is devoid of any specific oral or written notice that the sentencing hearing would include a sexual offender classification hearing. Although the trial court referred to a sexual offender investigation at the time of Franklin's guilty plea, the court's remarks are not completely clear and were made in response to an inquiry from the State about whether the State needed to prepare documentation for a sexual predator evaluation. In response to the State's inquiry, the court said the probation department would prepare a report that would be "signed off on" at the date of disposition.
We are also troubled by the lack of a ruling on Franklin's pending motion. Again, from the absence of later complaints, we might infer that the "defense team" was able to interview Franklin in jail. Nonetheless, we think the record in serious criminal cases should be more clear. And finally, we are concerned because the trial court based the sexual predator determination on the mere fact that Franklin had been convicted of sexually-oriented offenses. As the Ohio Supreme Court noted inGowdy, decisions are made at sexual offender classification hearings "that will have a profound impact on a defendant's life."88 Ohio St.3d at 387. Under the circumstances, more thorough notice was needed than occurred here. Accordingly, the first assignment of error is sustained.
Because a new sexual offender classification hearing must be held, with proper notice, the second and third assignments of error are moot. We do note that a trial court cannot find that a defendant is a sexual predator based simply on conviction of a sexually oriented offense. State v.Ward (1999), 130 Ohio App.3d 551, 561. As the court said in Ward, if the legislature intended such a result, it would have eliminated the hearing and the weighing of evidence. Id. Instead, unless the defendant is convicted of or pleads guilty to a sexually violent predator specification in the indictment, the court must hold a hearing, at which the defendant is entitled to be represented by counsel, to testify on his/her own behalf, and to present and cross-examine witnesses. R.C.2950.09(B)(1) and (C)(2). See also, State v. Williams (2000),88 Ohio St.3d 513, 519. The sexual predator conclusion itself must be supported by "clear and convincing evidence." R.C. 2950.09(B)(3);Williams, 88 Ohio St.3d at 519.
Based on the preceding discussion, the first assignment of error is sustained and the second and third assignments of error are moot. Franklin's classification as a sexual predator will be vacated and this case will be remanded for a sexual offender classification hearing.
 II
In the fourth assignment of error, Franklin contends that he received ineffective assistance of counsel because his trial attorney failed to investigate the case or to interview any witnesses. To support this assignment of error, Franklin has attached a letter written by his mother to trial counsel in March, 1999. However, this evidence is outside the record, and we cannot consider it during the direct appeal. State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. If Franklin feels his trial attorney rendered ineffective assistance, that is a matter for a post-conviction petition, based on properly supported affidavits. Accordingly, the fourth assignment of error is without merit and is overruled.
 III
In the final assignment of error, Franklin claims that the trial court erred because it did not give reasons for imposing the maximum sentence. In this regard, Franklin argues that R.C. 2929.19(B)(2)(c) and (e) require trial courts to explain why consecutive and maximum sentences are being imposed. Upon reviewing the statute, we find that neither section applies. Specifically, R.C. 2929.19(B)(2)(c) applies to consecutive sentences, which were not imposed in this case. Instead, the sentences were concurrent. Further, R.C. 2929.19(B)(2)(e) says that a court shall give reasons for imposing the maximum prison term "[i]f the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14
of the Revised Code."
The indictment in this case alleges five offenses, on separate occasions, between January 1, 1994, and June 20, 1998. It does not allege two or more offenses arising from a single incident. Consequently, R.C.2929.19(B)(2)(e) does not apply. Additionally, we note that the first four counts of the indictment allege rape of a minor under the age of thirteen, using threat or force. Under R.C. 2907.02(B), life imprisonment is the mandatory penalty for these offenses. As a result, the trial court had no choice of penalties to assign, other than making them consecutive or concurrent. Consistent with the plea bargain, the trial court ordered concurrent life sentences. Therefore, the fifth assignment of error is without merit and is overruled.
In light of the preceding discussion, the first assignment of error is sustained, the second and third assignments of error are moot, and the fourth and fifth assignments of error are overruled. Accordingly, the Defendant's conviction is affirmed. The sentence is also affirmed, except the portion relating to Defendant's status as a sexual predator. On this point only, the trial court's finding is vacated and the case is remanded for a sexual offender classification hearing.
As a final point, we note that we ordered the pre-sentence investigation report to be filed, under seal. Given our disposition of the first assignment of error, we do not need to review the report at this point. However, the pre-sentence investigation report should be retained with the court file, under seal, until such time as the sexual offender classification decision has been made and any appeals from that decision have become final. Accordingly, the clerk of the court of appeals is ORDERED to retain the pre-sentence investigation report with the court file, under seal, until further order of the court.
WOLFF, J., and YOUNG, J., concur.