[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Eric Hopgood, appeals from the judgment of the Hamilton County Court of Common Pleas terminating his community control and sentencing him to a six-month prison term on each underlying charge, to be served consecutively, after he was found to have violated the conditions of his community control.
On October 22, 1996, Hopgood pleaded guilty to two counts of breaking and entering in violation of R.C. 2911.13. The trial court sentenced Hopgood, who suffered from drug addiction, to three years of community control with the conditions that he complete the Drug and Alcohol Treatment Program ("ADAPT") and pay restitution in the amount of $3038. On March 26, 1997 Hopgood was found guilty of violating the conditions of his community control after he was recommended for discharge from ADAPT due to program violations.[1] The trial court, however, continued his community control with the same conditions. On December 9, 1999, Hopgood was again found guilty of violating his community control when he tested positive for marijuana use. But, the trial court again continued his community control for another three years with the same conditions.
On May 24, 2000, at the third community-control-violation hearing, the trial court revoked Hopgood's community control and imposed prison terms after it found that Hopgood had failed to respond to a voice-track requirement on the weekend of May 6 7, 2000. In this timely appeal, Hopgood brings forth two assignments of error, contending that the trial court erred to his prejudice by revoking his community control and imposing consecutive sentences.
In his first assignment of error, Hopgood argues that the community control should not have been terminated, because the voice-track requirement was not a condition of his community control. At the hearing, Hopgood introduced into evidence the Hamilton County Common Pleas Probation Department rules, a document Hopgood acknowledged by signature in 1996 as the rules governing his community control. This document listed the general rules of probation, as well as the two special conditions: (1) the completion of the ADAPT program and (2) the payment of restitution. The voice-track requirement was not included as a rule. The trial court itself acknowledged, at the May 24, 2000, hearing, that the voice-track requirement was not a rule of the community control when it stated, "[I]t's irrelevant what they [the probation-department rules] say. I made it a requirement."
Initially we note that this court will review only what has been placed on the record.[2] Despite the fact that the trial court verbally indicated that it had made the voice track a condition of community control, a review of the record reveals that this condition was not contained in any order establishing or continuing Hopgood's community control, nor was it mentioned at any of the violation hearings as an additional requirement.[3] The state, referring to Hopgood's probation officer's testimony that Hopgood had "violated ADAPT policy" by failing to respond to the voice-track, maintains that the voice-track requirement was part of the ADAPT program and thus, did not need to be listed as a separate condition of community control. We disagree.
We understand that the condition to complete the ADAPT program necessarily required Hopgood to follow the rules and policies of the ADAPT program, even if they were not otherwise contained in the probation department's rules. But, it appears from the record that voice-track requirement was not part of the general rules and policy of ADAPT. The trial court stated at the violation hearing that Hopgood's "disruptive behavior" was partially "why [he had been] placed on voice track". This statement, however, was inconsistent with the contention that the voice-track requirement was within the general policy of ADAPT, and it was instead more consistent with the proposition that the voice-track was a new condition that had been added to Hopgood's community control. Based on the foregoing, we conclude that the voice-track requirement was not shown to be a general ADAPT policy or rule.
If the trial court had intended to impose a voice-track condition upon Hopgood's community control, it should have journalized the condition in one of its orders or, at the very least, stated the requirement in open court at one of the violation hearings. Since this was not done, there is nothing to support the trial court's indication that the voice track was a requirement of Hopgood's community control.
Under those circumstances, the revocation of Hopgood's community control can not be upheld. We therefore reverse the trial court's judgment, including the imposition of the prison terms. Our disposition of Hopgood's first assignment of error renders the second assignment moot, and thus we do not address it.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.
[1] It appears from the record that Hopgood was missing mandatory ADAPT meetings.
[2] State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500.
[3] Pursuant to R.C. 2929.15(B), the trial court may impose more restrictive conditions than originally imposed after a defendant has been convicted of violating community control.