OPINION
{¶ 1} Appellant James White appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of four of his children to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 21, 2001, SCDJFS filed a complaint alleging that appellant's children, James, Allen, Sarah, Robert, and Andrew, were dependent, neglected, and/or abused. At a shelter care hearing held the next day, the children were placed in the temporary custody of SCDJFS. Subsequently, both parents stipulated to a finding of neglect. On January 16, 2002, SCDJFS filed a motion for permanent custody. At a hearing held on May 15, 2002, the court was advised that an agreement had been reached between the parties. SCDJFS' counsel therein indicated that ". . . if the court accepts their stipulation the department would make available to the parents and the siblings a final visit to occur sometime in the next — the week after next, sometime before the weekend of the 24th or shortly thereafter." Tr. at 5. The trial court, upon reviewing the matter and the oral representations of the parties and counsel, issued a judgment entry granting permanent custody of Allen, Sarah, Robert, and Andrew to SCDJFS, and extending temporary custody of James to SCDJFS for several more months. On June 21, 2002, appellant-father filed a notice of appeal therefrom, and herein raises the following sole Assignment of Error:
 {¶ 3} "I. THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES FAILED TO PROVIDE A COMPLETE FINAL VISITATION WITH THE CHILDREN AND APPELLANT THUS BREAKING THE AGREEMENT SUPPORTING THE VOLUNTARY RELINQUISHMENT OF PARENTAL RIGHTS."
 I. {¶ 4} In his sole Assignment of Error, appellant challenges on appeal the alleged failure of SCDJFS to uphold the in-court agreement for a final visitation opportunity. Although his notice of appeal pertains to the judgment entry granting permanent custody, appellant fails to assert for review any potential error made by the trial court in so ruling. Ohio Constitution Art. IV, § 3(B)(2), reads in pertinent part: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Rather than demonstrating an error by the trial court which would give rise to a modification or reversal by this Court, appellant states he "is merely asking for the Department of Job and Human services (sic) to live up to the spirit as well as the letter of the agreement and allow him to say `Goodbye' to his family properly." Appellant's Brief at 5.
 {¶ 5} Our review on appeal is limited to those materials in the record which were before the trial court. In re McClain, Licking App. No. 01CA92, 2002-Ohio-2467, citing State v. Ishmail (1978),54 Ohio St.2d 402, 377 N.E.2d 500. The alleged post-judgment breach of the parties' settlement agreement is dehors the record, and thus cannot be considered by this Court on direct appeal.
 {¶ 6} We therefore find no error by the trial court prejudicial to appellant. See App.R. 12(D). Appellant's sole Assignment of Error is overruled.
 {¶ 7} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.
Topic: agreement to allow permanent custody.