OPINION
{¶ 1} Appellant Michael D. Rankin appeals the decision of the Court of Common Pleas, Tuscarawas County, which sentenced him on two counts of gross sexual imposition following his plea of no contest. The relevant facts leading to this appeal are as follows.
 {¶ 2} In August 2001, appellant was indicted for two counts of rape (F1) and three counts of gross sexual imposition (F3). On June 3, 2002, appellant appeared before the court, with counsel, and entered into a plea agreement with the State. Appellant entered a plea of no contest to two counts of gross sexual imposition; in exchange, the rape charges were dropped. After the completion of a presentence investigation, a sentencing hearing was held on August 1, 2002. The trial court reviewed the statutory felony sentencing factors and issued a written sentencing entry on August 8, 2002, sentencing appellant to five year terms of imprisonment on each of the two gross sexual imposition convictions, to be served concurrently. Appellant was also classified as a sexually oriented offender.
 {¶ 3} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The trial court erred when it sentenced Michael D. Rankin to a term of incarceration that was sixty-six percent in excess of the punishment exacted upon Lee Nusser, an individual convicted of similar crimes who was a similar offender."
 I. {¶ 5} In his sole Assignment of Error, appellant argues the trial court erred in sentencing him in a matter inconsistent with an allegedly similar offender. We disagree.
 {¶ 6} R.C. 2929.11(B) reads in pertinent part as follows: "A sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." Appellant specifically contends his sentence was inconsistent with a sentence the same trial court judge pronounced against a criminal defendant, Lee Nusser, on May 7, 2002, in an unrelated case. Nusser was therein sentenced to three years, concurrent, on two sexual battery counts.
 {¶ 7} As an initial matter, we address the issue of the record in an appeal of this nature. As a general rule, our review on appeal is limited to those materials in the record which were before the trial court. In re McClain, 2002-Ohio-2467, Licking App. No. 01CA92, citingState v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. Clearly, "[a]n obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Although the Ohio Criminal Sentencing Commission is apparently engaged in a pilot project to collect computerized data to assess consistency, the program has not yet been implemented." State v. Ryan, 2003-Ohio-1188, Hamilton App. No. C-020283, quoting Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 14, 57. This Court will, however, analyze appellant's claimed error with the information appellant provided to the trial court below.[1]
 {¶ 8} Both appellant and Nusser perpetrated against female minors, all of whom suffered psychological harm as a result, and in both cases the offenses were facilitated by their relationship with the victims. Both held positions of trust with the victims (appellant was a relative, Nusser was a coach), and the offenses were related to said trust. However, at this point, the "similarities" between the two cases, by any reasonable definition, quickly dissipate. Appellant was initially charged with rape, but entered a plea to two lesser counts. Nusser went to trial and was found guilty by a jury of sexual battery. Appellant had a prior adjudication of delinquency as a juvenile and two misdemeanor DUI convictions as an adult; Nusser had no criminal history. Appellant had two biological relatives as victims, the second of whom was victimized when she reached the age at which the first was victimized; appellant thus reoffended after a latent period. In Nusser's case, there was one victim, a non-relative. Appellant initially denied any wrongdoing; no such finding was made in regard to Nusser.
 {¶ 9} "Consistency * * * does not necessarily mean uniformity." Ryan, supra, quoting Griffin and Katz at 12. Upon review of the record, we find appellant's contention that he has suffered prejudicial error from inconsistent sentencing to be without merit. Pursuant to R.C.2953.08(G), a reviewing court will not disturb a defendant's sentence unless it finds, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law." State v. Torres, 2003-Ohio-1878 Lake App. No. 2001-L-122. Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 10} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Hoffman, P.J., and Edwards, J., concur.
Topic: Felony sentencing.
[1] We additionally note the lack of an appellate opinion as regards Mr. Nusser, as his appeal is presently awaiting scheduling for oral argument.