OPINION
{¶ 1} Appellant Anita Cunningham appeals from the decision of Stark County Court of Common Pleas, Juvenile Division, regarding her request to intervene as a party in the case of her infant granddaughter, Destiny. The Stark County Department of Job and Family Services ("SCDJFS") is the appellee. The relevant facts leading to this appeal are as follows.
 {¶ 2} Destiny Cunningham was born to Justin Cunningham and Amy Williams in December 2002[1]. Justin (hereinafter "father") and Amy (hereinafter "mother") are also the parents of Destiny's older siblings Tyler, born in 1999, and Jordon, born in 2001. On November 8, 2002, SCDJFS filed a motion for permanent custody of Tyler and Jordan (juvenile case number JU-121859). On December 24, 2002, father therein filed a motion for change of legal custody, requesting the trial court grant legal custody of Tyler and Jordon to appellant (paternal grandmother) in the event the children were not returned to father. On January 28, 2003, the trial court granted permanent custody to SCDJFS. Father appealed; however, this Court affirmed the grant of permanent custody of Tyler and Jordon. See In re Cunningham Children, Stark App. No. 2003CA00054,2003-Ohio-2805 (Cunningham I).
 {¶ 3} In the meantime, the trial court on January 21, 2003, denied appellant-grandmother's motion to intervene in Tyler and Jordon's case. Appellant-grandmother filed an appeal therefrom to this Court. However, we found the trial court did not abuse its discretion in denying appellant-grandmother's motion to intervene in said matter. See In re TheCunningham Children, Stark App. Nos. 2003CA00042, 2003CA00090,2003-Ohio-3176 (Cunningham II).
 {¶ 4} In the case sub judice, SCDJFS filed a permanent custody complaint regarding Destiny on December 31, 2002, alleging the child was born with evidence of cocaine in her system. The trial court maintained temporary custody of Destiny with SCDJFS on January 24, 2003. Based on the stipulations of mother and father, Destiny was adjudicated as an abused child[2]. On January 16, 2003, prior to said adjudication, appellant filed a motion to intervene, a motion for temporary placement, and a motion for custody as to Destiny. By way of judgment entry filed April 4, 2003, the trial court denied appellant's motion to intervene.
 {¶ 5} On April 23, 2003, appellant filed a notice of appeal, and she herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PATERNAL GRANDMOTHER'S MOTION TO INTERVENE."
 I. {¶ 7} In her sole Assignment of Error, appellant-grandmother argues the trial court abused it discretion in denying her request for intervention as a party. However, we initially must determine whether the judgment entry of April 4, 2003, is a final appealable order.
 {¶ 8} In Cunningham I, supra, we recited the following test regarding the finality of orders concerning relative intervention in a children's services case: " ' To deny a person the right to intervene may be a final appealable order if the denial affects a substantial right and if the person would be prevented from obtaining [his/her requested] relief if intervention was denied.' " Id, quoting In the Matter of KandiHartley (Oct. 13, 1988), Athens App. No. 1399, (citation omitted).
 {¶ 9} Juv.R. 2(Y) states as follows:
 {¶ 10} " `Party' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."
 {¶ 11} However, grandparents generally have no legal rights of access to their grandchildren. In re Fusik, Athens App. No. 02CA16,2002-Ohio-4410, citing In re Whitaker (1988), 36 Ohio St.3d 213, 214; Inre Martin, 68 Ohio St.3d 250, 1994-Ohio-506. Additionally, the Ohio Supreme Court has stated that grandparents have no constitutional right of association with their grandchildren. See In re Schmidt (1986),25 Ohio St.3d 331, 336. Nonetheless, the General Assembly has provided dispositional options which impact the role of grandparents in dependency, neglect, and abuse cases. Among these are R.C. 2151.415(A)(3), which permits a grant of legal custody to a relative, and R.C. 2151.415(F), which permits a parent to file a motion seeking relative placement of the child.
 {¶ 12} In the case sub judice, the trial court directed that appellant would be "permitted to visit Destiny in Aultman Hospital." Judgment Entry, January 24, 2003. The court has also ordered SCDJFS to investigate relative placement. Judgment Entry, January 24, 2003. Nevertheless, appellant accuses SCDJFS of "stonewalling" (Appellant's Brief at 4), and attempts to provide documentation, dehors the record,[3]
of SCDJFS's alleged languor in pursuing relative placement.
 {¶ 13} Upon review, we find appellant's arguments fail under both aspects of the test for finality under Hartley, as the trial court has previously ordered SCDJFS to consider her for potential placement and has thereby not blocked the relief sought by appellant as of the time of the judgment entry under appeal. Therefore, under the facts and circumstances presented, we find appellant has failed to demonstrate the existence of a final appealable order warranting consideration on the merits by this Court.
 {¶ 14} Accordingly, Appellant's sole Assignment of Error is found premature.
 {¶ 15} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby dismissed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
[1] The complaint in the case sub judice names Justin as "alleged father."
[2] SCDJFS withdrew its request for permanent custody at the time of the judgment entries of January 24, 2003.
[3] We herein reemphasize that our review on appeal is limited to those materials in the record which were before the trial court at the time of the judgment entry under appeal. See State v. Ishmail (1978),54 Ohio St.2d 402.