OPINION
{¶ 1} Defendant-appellant Premier Auto Mall appeals from a judgment rendered against it and in favor of Plaintiff-appellee Lesonya Williams awarding Williams the sum of $1,254.89, with interest and costs. Premier Auto Mall contends that the trial court erred in ordering it to refund Williams the down payment she made in the purchase of a vehicle from Premier Auto Mall, because Williams had defaulted in her payment to Premier Auto Mall. Premier Auto Mall further contends that the trial court erred in ordering it to refund Williams the cost of a radio she had purchased for the vehicle, because Williams had removed the radio prior to Premier Auto Mall repossessing the vehicle. Finally, Premier Auto Mall contends that it "does not feel that we provided enough evidence to the court for a fair judgment to be determined," and submits additional evidence to be considered by this court.
 {¶ 2} We have previously held that "[i]t is fundamental that we cannot consider evidentiary material that was not presented in the first instance in the trial court." Estep v. Elam, 2001-Ohio-1447, 2001 WL 1203057, at *2. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail
(1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus.
 {¶ 3} In addition, Premier Auto Mall's failure to provide us with a transcript from the trial court has deprived us of the ability to determine whether the trial court's decision is supported by the evidence in the record, or otherwise to determine whether Premier Auto Mall has satisfied its burden of portraying error in the record. See Bryant v.Richardson, Montgomery App. No. 16533, 1998 WL 22052, at *2. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (citation omitted). "The law is well established that where an adequate record has not been transmitted, the court of appeals is required to presume the regularity of the proceedings below and to affirm the trial court's decision."Bryant, Montgomery App. No. 16533, 1998 WL 22052, at *2 (citing App.R. 9(B); Gates v. Maaco Auto Paint Body Service (October 27, 1995), Montgomery App. No. 15178; Knapp, 61 Ohio St.2d 197).
 {¶ 4} We conclude that we cannot consider the additional evidence submitted to us by Premier Auto Mall. We further conclude that in view of Premier Auto Mall's failure to properly transmit the record, we must affirm the judgment of the trial court awarding Williams the sum of $1,254.89, with interest and costs.
 {¶ 5} Accordingly, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.