[Cite as *Davis v. Ruff*, 2019-Ohio-3494.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alexis M. Davis, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-8 |
| v. | : | (C.P.C. No. 15JU-4631) |
| Nashan L. Ruff, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 29, 2019

**On brief:** *Alexis M. Davis*, pro se.

**On brief:** *Nashan L. Ruff*, pro se. **Argued:** *Nashan L. Ruff.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, P.J.

{¶ 1} Defendant-appellant, Nashan L. Ruff, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that increased the amount of child support due to plaintiff-appellee, Alexis M. Davis. For the following reasons, we affirm that judgment.

{¶ 2} In a judgment dated July 6, 2015, the trial court established a parent-child relationship between Ruff and his minor child with Davis. The trial court also ordered Ruff to pay $240.70 every month in child support.[1]

---

[1] All the payment amounts discussed in this decision include an additional processing charge.

{¶ 3}   On May 30, 2018, the Franklin County Child Support Enforcement Agency ("FCCSEA") filed an administrative adjustment recommendation with the trial court. FCCSEA recommended that the trial court modify Ruff's monthly child support obligation to $472.02 when private health insurance is being provided, or $420.81, plus a $121.33 monthly cash medical support payment, when private health insurance is not being provided.

{¶ 4}   Ruff requested a court hearing on the revised amount of child support.  The trial court originally scheduled the hearing for September 10, 2018.  On the date of the hearing, the trial court continued the hearing and rescheduled it for November 5, 2018.

{¶ 5}   On September 11, 2018, the Franklin County Clerk of Courts ("clerk") recorded a change of address for Ruff on the docket.  The next day, the clerk sent notice of the November 5, 2018 hearing to Ruff's old address in Westerville, Ohio, as well as Ruff's new address in Dublin, Ohio.  At FCCSEA's request, the clerk sent both notices by certified mail.  Both notices were returned to the clerk.  Because the notice addressed to Ruff's Dublin address was marked "unclaimed," FCCSEA requested that the clerk serve the notice on Ruff at that address by ordinary mail.  The clerk did so on October 25, 2018.  The notice sent to Ruff by ordinary mail was not returned.

{¶ 6}   Neither Ruff nor Davis appeared at the November 5, 2018 hearing.  On December 6, 2018, the magistrate issued a decision approving and adopting FCCSEA's recommendation to modify Ruff's child support.  The trial court immediately approved and adopted the magistrate's decision, thus making it the trial court's judgment.

{¶ 7}   Ruff now appeals the December 6, 2018 judgment, but he files no assignments of error.  Courts of appeal determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16."  App.R. 12(A)(1)(b).  Thus, generally, appellate courts rule on assignments of error only, and do not address mere arguments. *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9.  Nevertheless, in the interest of justice, we will consider the arguments raised in Ruff's appellate brief.

{¶ 8}   In his brief, Ruff urges us to excuse his absence from the November 5, 2018 hearing, and he asserts that he cannot afford to pay the increased child support amount. Unfortunately, Ruff bases his arguments on evidence that does not appear in the record. Appellate review is limited to the record as it existed at the time that the trial court rendered

the judgment being appealed. *Katagum v. Katagum*, 10th Dist. No. 15AP-707, 2016-Ohio-719, ¶ 10. " 'A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13, quoting *State v. Ishmail*, 54 Ohio St.2d 402, paragraph one of the syllabus.

{¶ 9} Because we cannot consider any of the allegations contained in Ruff's brief or the documents appended to the brief, Ruff's arguments fail. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

DORRIAN and NELSON, JJ., concur.

_____