JOURNAL ENTRY and OPINION
Plaintiff Millie Filipovic bought a used Jeep Grand Cherokee from defendant Fairchild Chevrolet. A short while later, she began experiencing a number of problems with the Jeep, the most vexing being the car's tendency to stall. Fairchild failed to remedy the stalling problem to plaintiff's satisfaction, so she revoked her acceptance of the Jeep and brought suit against Fairchild alleging it breached an implied warranty of merchantability. The case went to trial, and at the close of plaintiff's case, the court directed a verdict to Fairchild. Plaintiff appeals.
Because the court directed a verdict in Fairchild's favor, we are obligated to view the underlying facts in a light most favorable to plaintiff, the non-moving party at trial. See Civ.R. 50(A)(4). Those facts show that on May 6, 1999, plaintiff purchased a 1993 model year Jeep Grand Cherokee for $13,900. The Jeep's odometer showed it had been driven 68,419 miles. Fairchild provided a three month/3,000 mile limited warranty, with a $50 deductible.
Two to three weeks after purchase, the car began stalling. Plaintiff called the Fairchild service department and brought the car in for service on June 8, 1999. The service record shows plaintiff complained that the car stalls coming to a stop and on decel, high idle on start-up. Fairchild replaced the idle air control motor, cleaned the throttle body and repaired a vacuum harness. Plaintiff paid a $50 deductible fee for the service.
Plaintiff testified that less than a week later, the car began stalling again. She said the stalling usually occurred at stop signs or traffic signals. Although the car would restart, the car might stall four or five times at any one given time. Plaintiff took the car in for service a second time on July 15, 1999, complaining about engine vibration and stalling. Fairchild service records show it replaced a clogged air filter, replaced a fuel filter, and cleaned the injectors and the throttle body. Fairchild also replaced broken engine mounts that were causing excessive engine vibration.
As plaintiff drove the car home from the second service (a distance of one block), the engine light activated and the car was stalling more that it had stalled before. Plaintiff immediately called the service department to complain. The service department was closing for the weekend, and told her to bring the car in Monday. Afraid that the car would break down during a planned trip that weekend, plaintiff canceled her trip, forfeiting an $80 deposit.
Plaintiff brought the car in for service a third time on July 26, 1999. The service records show she complained that the engine light came back on and the car was stalling. Fairchild rechecked the car and road tested it, finding nothing wrong.
Plaintiff testified that she twice called the service department to complain that the car was running rough, but did not bring the car in for service because of scheduling conflicts. There is a Fairchild service record dated August 25, 1999, which shows plaintiff complained that the engine runs rough, but plaintiff did not know if she actually brought the Jeep in for service at that time.
A service record dated September 8, 1999, shows Fairchild again serviced the car as a result of plaintiff's complaints that the car was leaking oil. During this service, Fairchild replaced the front crankshaft seal and a steering dampener. Despite this service, plaintiff said the car still experienced stalling. Plaintiff told Fairchild she would not deal with it any longer.
At the close of plaintiff's case, Fairchild asked the court to direct a verdict on two grounds: (1) that plaintiff failed to provide clear testimony showing the difference between the price of the car as bought and the value of the car as delivered and (2) that plaintiff failed to explain the cause of the stalling. During argument on the motion, Fairchild articulated a third ground for a directed verdict, that being that the written limited warranty contained a provision that limited plaintiff's exclusive remedy for breach to repairs. The court made the following findings on the record:
 The Court finds, as to the plaintiff's contention or argument for incidental or consequential damages, that plaintiff is limited to the period of the limited warranty in that regard, and thus there are no incidental or consequential damages. Further, the Court the remaining issue is as to the diminution of the value of the vehicle, and the Court is persuaded by defense argument and will grant a directed verdict.
Although the parties raise a number of issues on appeal, we limit our consideration of these issues to plaintiff's argument that the court erred by finding Fairchild's three month/3,000 mile limited warranty restricts the availability of legal remedies under UCC 2-714, as codified in R.C. 1302.88. Plaintiff maintains the Magnuson-Moss Warranty Act,15 U.S.C. § 2308(b), requires a limitation on the duration of an implied warranty to be displayed prominently on the face of the warranty, but that Fairchild's limitation clause is buried within the warranty and is inconspicuous.
Section 2308 of the Magnuson-Moss Warranty Act states:
 (a) Restrictions on disclaimers or modifications. No supplier may disclaim or modify (except as provided in subsection (b) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.
 (b) Limitation on duration. For purposes of this title (other than section 104(a)(2)) implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty.
 (c) Effectiveness of disclaimers, modifications, or limitations. A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this title * * *.
Plaintiff has it wrong when she argues that the warranty provision in the purchase agreement controls the disposition of her Magnuson-Moss Act claim. Section 2308(b) clearly states that the limitation on the duration of the warranty must be conscionable and set forth in clear and unmistakable language displayed on the face of the warranty. That limitation on the duration of the warranty appears on the three month/3,000 mile limited warranty, not the purchase agreement. The purchase agreement does not contain any limitation on the duration of the limited warranty in fact, the purchase agreement states:
 IF THE VEHICLE SOLD SUBJECT TO THIS AGREEMENT IS NOT SUBJECT TO A MANUFACTURER'S WARRANTY, IT IS SOLD AS IS NOT EXPRESSLY OR IMPLIEDLY WARRANTED TO GUARANTEED UNLESS IT IS SUBJECT TO A SEPARATE INSTRUMENT SHOWING THE TERMS OF ANY WARRANTY OR SERVICE CONTRACT AND SELLER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.
The purchase agreement makes no attempt to limit the duration of the implied warranty; rather, it excludes implied warranties in their entirety subject only to a separate written instrument setting forth the terms of any warranty that being the limited warranty.
But this brings us to an anomaly in the case. There appears to be no question that Fairchild provided a limited warranty plaintiff alleged the existence of the warranty in her complaint, Fairchild admitted it provided the warranty and plaintiff identified a copy of the warranty at trial. However, the warranty was marked as a defense exhibit and the court did not admit any defense exhibits into evidence before directing the verdict. The court file contains a blank copy of the limited warranty, and we have no doubt whatsoever that the copy is accurate in all respects.
Plaintiff maintains that the court had no basis for it's [sic.] ruling that `plaintiff is limited to the period of the limited warranty in that regard, and thus there are no incidental or consequential damages.' See Appellant's Reply Brief at 3.
Plaintiff is correct in pointing out that we cannot rely on an exhibit that had not been admitted into evidence. We cannot add material to the record on appeal. See State v. Ishmael (1978), 54 Ohio St.2d 402, 406. We therefore must disregard any claims regarding the limited warranty.
But plaintiff's success in keeping out the limited warranty seems self-defeating, for without evidence of the limited warranty, plaintiff's claim under the Magnuson-Moss Act must fail. Section 2308(b) applies only to the extent there is a limited warranty. Without any proof concerning the existence of the limited warranty in the record, plaintiff cannot prevail on her argument that Fairchild violated the Magnuson-Moss Act by illegally trying to limit her implied warranty of merchantability. In other words, a necessary predicate to proving the Magnuson-Moss claim is the fact that Fairchild tried to limit the Uniform Commercial Code implied warranty. Because there is no evidence that Fairchild tried to limit the implied warranties under 15 U.S.C. § 2308(c), plaintiff's Magnuson-Moss claim must fail.
So this leaves us with the implied warranty of merchantability contained in the Uniform Commercial Code. A warranty of merchantability is implied to all goods, and represents that those goods are fit for the ordinary purposes for which such goods are used, unless the implied warranty is disclaimed. See R.C. 1302.27(B)(3)[UCC 2-314(1)(c)]. An implied warranty may be excluded. See R.C. 1302.29(B) [UCC 2-316(2)]. To exclude an implied warranty the language must mention merchantability and in case of a writing must be conspicuous. Id. Under R.C. 1301.01(J) [(UCC 1-201(10)], a term is conspicuous when:
 * * * it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals * * * is conspicuous. Language in the body of a form is conspicuous if it is in larger or other contrasting type or color. Whether a term is `conspicuous' or not is for decision by the court.
The exclusion of warranties is contained on the back page of the purchase agreement under the heading WARRANTIES AND REPRESENTATIONS:
 ANY WARRANTY ON ANY NEW VEHICLE, OR USED VEHICLE SUBJECT TO MANUFACTURER'S WARRANTY IS THAT MADE BY THE MANUFACTURER ONLY AS DESCRIBED ON THE MANUFACTURER'S DOCUMENTS.
 SELLER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.
 IF THE VEHICLE SOLD SUBJECT TO THIS AGREEMENT IS NOT SUBJECT TO A MANUFACTURER'S WARRANTY, IT IS SOLD AS IS NOT EXPRESSLY OR IMPLIEDLY WARRANTED TO GUARANTEED UNLESS IT IS SUBJECT TO A SEPARATE INSTRUMENT SHOWING THE TERMS OF ANY WARRANTY OR SERVICE CONTRACT AND SELLER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.
 IN ALL TRANSACTIONS BUYER SHALL NOT BE ENTITLED TO RECOVER FROM THE SELLING DEALER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS, OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES.
The same page of the purchase agreement contains another heading titled ADDITIONAL TERMS AND CONDITIONS. There follow fourteen different numbered paragraphs, each set forth in the same uppercase lettering and font size as the WARRANTIES AND REPRESENTATIONS heading. Excluding the two headings, there are seventy-one lines of text on the page. Both sides of the two-page purchase agreement are printed in uppercase letters of matching font size. There is no boldface type or italics, and although the record only contains a copy of the purchase agreement, there is no suggestion that there is any color difference in type.
The court did not make any specific ruling on whether the warranty disclaimer is conspicuous. But even if we assume without deciding that the disclaimer of warranty is inconspicuous, plaintiff cannot prevail because reasonable minds could only find that she failed to present sufficient evidence to show that Fairchild breached the implied warranty of merchantability.
Plaintiff's dealings with Fairchild extended from June 1999 to September 1999. Although she complained that Fairchild did not fix the car, she did not offer any evidence to show what other steps she took to fix the car after September 1999. Despite complaining that the car continued to stall, she drove it more than twenty thousand miles in the sixteen months after purchase.
A reasonable trier of fact could only find that the stalling problem, while certainly an annoyance, did not interfere with her ability to drive the car. In fact, plaintiff testified that she had no problems restarting the car after it stalled. The car provided her with reliable, if not perfect, transportation.
One of the touchstones of a showing of breach of merchantability is a loss of confidence in the vehicle. The value to the buyer of an automobile is substantially impaired when its nonconformities undermine his faith in the integrity and reliability of the vehicle. McCullough v. Bill Swad Chrysler-Plymouth (1983), 5 Ohio St.3d 181, paragraph four of the syllabus.
The only evidence she gave to show a loss of confidence in the car was that two months after purchasing the car, she canceled a planned camping trip because the car's engine light came on and she could not schedule service before the trip. This loss of confidence did not stop her from driving the car, as she put thousands of miles on it in a relatively short period of time.
We therefore find plaintiff failed, as a matter of law, to present sufficient evidence of a defect in the car necessary to make out a claim of breach of implied warranty. Our holding obviates the need to address any issues relating to plaintiff's failure to present evidence concerning damages. The assigned errors are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.