[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These consolidated appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mathew Gray appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, following a jury trial, of the aggravated murder of his brother, Daniel, in violation of R.C. 2903.01, the kidnapping of Daniel's girlfriend, in violation of R.C. 2905.01, and the accompanying firearm specifications. On July 30, 2001, the trial court sentenced Gray to serve life in prison, with parole eligibility after twenty years, for killing his brother with a handgun. The ten-year sentence for kidnapping and the prison terms for the firearm specifications were to be consecutive to the life term.
The evidence adduced by the state at trial showed that Gray, a resident of Columbus, Ohio, had a long-standing dispute with his brother. As part of his duties as the court-appointed guardian of their elderly father, Daniel had sold the father's real property. Gray had stored a construction crane on his adjoining parcel of land. The crane disappeared, and Gray suspected Daniel of stealing it.
On October 6, 2000, Gray entered his brother's house and accosted Daniel. Daniel told Gray to leave. Instead, Gray shot Daniel once in the thigh. Daniel fled down a hallway. Gray pursued him and fired again, striking Daniel's heart. Daniel's girlfriend tried to hide under the bed. Gray found her and, placing the gun barrel against her head, forced her to the front of the house. Twice, Gray left the kidnapping victim to discharge additional shots into his brother's lifeless body. When Gray left the second time, the girlfriend fled to summon police from a neighbor's house.
Gray left Daniel's house and drove toward Columbus. Ultimately, Gray returned to Cincinnati and turned himself in to the police. He told the police that he had accidentally shot his brother and directed the police to the location of the murder weapon.
In the sole assignment of error raised by his appointed counsel, Gray claims that his trial counsel's failure to request a jury instruction on the lesser offense of voluntary manslaughter, in violation of R.C. 2903.03, deprived him of the effective assistance of counsel guaranteed by the federal and Ohio constitutions. To prevail on a claim for ineffective assistance of counsel, an appellant must first show that counsel's performance was deficient, and, second, that the deficient performance was so prejudicial that he was denied a reliable and fundamentally fair proceeding. See Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838; see, also, Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, and State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
On appeal, Gray alleges that "the jury could not choose an appropriate lesser offense" because of his trial counsel's failure to request a voluntary-manslaughter instruction. We note that, after conferring with Gray, his trial counsel objected to the trial court's instruction providing the jury with the option of a guilty verdict on the lesser-included offense of murder. Trial counsel's "failure" to request a voluntary-manslaughter instruction was a tactical decision and can hardly be characterized as deficient. Moreover, the evidence adduced at trial would not have supported an instruction based upon serious provocation by the victim that was reasonably sufficient to have incited Gray into the use of deadly force. See State v. Lawrence (1989), 44 Ohio St.3d 24, 26,541 N.E.2d 451. Trial counsel's performance did not deny Gray a fundamentally fair and reliable proceeding. See Lockhart v. Fretwell,506 U.S. at 369-370, 113 S.Ct. 838. The assignment of error is overruled.
Gray raises five assignments of error pro se. His first assignment of error, in which he asserts that the trial court erred in failing to warn him before removing him from the courtroom for unruly conduct, is overruled. During the testimony of the kidnapping victim, Gray erupted and yelled, "Why are you lying? You [sic] lying. You know it. * * * She knows she's lying. * * * She's lying, your Honor." The trial court's immediate removal of Gray from the courtroom for the remainder of the victim's testimony was well within its sound discretion to avoid disruptive conduct by the defendant. See Crim.R. 43(B); see, also,Illinois v. Allen (1970), 397 U.S. 337, 90 S.Ct. 1057.
In two assignments of error, Gray claims that the trial court erred in admitting hearsay evidence and in admitting misleading evidence. The second and fourth pro se assignments are overruled, as Gray has not identified where in the course of the trial the claimed errors occurred, nor has he failed to raise a timely object to the admission of the evidence and to state the specific ground of the objection, thus denying the trial court the opportunity to effectively identify and correct the alleged errors. See Evid.R. 103; see, also, Loc.R. 6(C)(3)(a) of the Hamilton County Court of Appeals.
Gray's third assignment of error, in which he claims that the trial court erred in permitting the prosecutor to mention Gray's potential sentence, is overruled. The unobjected-to comments by the prosecutor that Gray was not eligible for the death penalty were not error, and certainly not plain error. See Crim.R. 52(B); see, also, State v. Bey,85 Ohio St.3d 487, 1999-Ohio-283, 709 N.E.2d 484.
In his fifth pro se assignment of error, Gray claims that the trial court erred in allowing the trial to progress with a sleeping juror. The record does not demonstrate the error alleged by Gray. His assignment refers to matters outside of the record, which this court cannot consider, as well as to matters to which he did not timely object, thereby waiving any error. See State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500. The assignment of error is overruled.
Finding merit in none of these assignments of error, we affirm the judgment entered by the trial court on the jury's verdicts. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.