OPINION
{¶ 1} Defendant-appellant Curtis Youngia Moore appeals from the entry of the Belmont County Common Pleas Court, which sentenced him to eleven months in prison after he pled guilty to attempted trafficking in crack cocaine. The first issue presented deals with whether the trial court was permitted to consider Pennsylvania domestic violence charges that had just been dismissed for sentencing purposes. The second issue raises a claim of ineffective assistance of counsel for an alleged failure to file a motion to withdraw the guilty plea. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In April 2002, appellant was indicted on two fourth-degree felony counts of drug trafficking for an incident that occurred on March 1, 2002. The first count alleged a violation of R.C. 2925.03(A)(1), which entails knowingly selling or offering to sell crack cocaine in an amount equal to or more than one gram but less than five grams. The second count alleged a violation of R.C. 2925.03(A)(2), which entails preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distributing crack cocaine in an amount equal to or more than one gram but less than five grams when the offender knows or has reasonable cause to believe that the crack cocaine is intended for sale or resale.
 {¶ 3} Appellant entered into a plea agreement in November 2002, whereby the state agreed to stand silent at sentencing, drop the second felony count in the indictment, and amend the first count to attempted trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) and2923.03(A). This charge was decreased to a fifth degree felony because of the attempt label. R.C. 2923.02(E) (stating that an attempt charge results in the drug offense being lowered to the next unit dose level). See, also, R.C. 2929.13 (J)(1) and (2).
 {¶ 4} Apparently, appellant failed to appear at his scheduled sentencing due to his intervening incarceration in Pennsylvania as a result of his arrest for a domestic dispute with his fiancée. The sentencing hearing later proceeded on March 21, 2003. At sentencing, defense counsel urged the court to impose community control rather than a prison term, which could range between six and twelve months for a fifth-degree felony. The trial court sentenced appellant to eleven months in prison. Appellant filed timely notice of appeal for which new counsel was appointed.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 5} Appellant raises two assignments of error, the first of which alleges:
 {¶ 6} "The Court Erred By Relying On A Charge That Had Been Dismissed In Pennsylvania When Considering The Sentence Imposed."
 {¶ 7} Appellant argues that the domestic violence charges were just accusations, which had been dismissed, and thus, the court erred in weighing these charges in determining the sentence to be imposed. Appellant cites to page 8 of the sentencing transcript and argues that it is clear the court heavily relied on the dismissed charges and the statements in the presentence investigation report that the charges will likely be refiled.
 {¶ 8} The state responds by urging that the court was free to take these charges into consideration as a relevant sentencing factor. The state also argues in the alternative that there were other factors to support the court's sentence.
 {¶ 9} The sentencing transcript does contain multiple references to the Pennsylvania charges that were dismissed. However, the first reference by the court was merely to point out why appellant missed his first sentencing hearing. (Tr. 2). The second reference to the charges was where the court informed appellant's mother, who testified on his behalf, that appellant was experiencing ongoing problems besides just this case. (Tr. 4-5). The third reference to the charges was made by defense counsel. (Tr. 6). The next reference to the charges by the court was in response to appellant's statement that the charges were dismissed. The court stated, "I know they were, but I also know they're going to be reinstated." (Tr. 7). In making its findings at the hearing, the court then stated:
 {¶ 10} "I want you to know that I have a complete report of investigation of what happened up in Pennsylvania wherein these charges were brought and then dismissed. And as I said, from what has been related to my presentence investigation officer, will be reinstituted. The officers believe that the charges should go forward. And as I understand it, they're talking to the prosecutor in this regard and I've also been advised that your parole officer in Pennsylvania intends to revoke your parole. So I'm making you aware of all the things I found out in the presentence investigation." (Tr. 8-9).
 {¶ 11} In the sentencing entry, the court similarly explained:
 {¶ 12} "While on bond awaiting sentencing in this court, Defendant was jailed for an incident of domestic violence, which is more fully described in the incident report contained in the pre-sentence investigation, and which incarceration delayed this proceeding. It is the intent of the Beaver County, Pennsylvania authorities to re-charge the Defendant pending disposition of this case * * *."
 {¶ 13} Besides these references to the dismissed charges, the court reviewed appellant's extensive criminal record including convictions for reckless endangering, aggravated assault, simple assault, possession of controlled substances, trespass, two convictions for driving under the influence, and two convictions for driving under suspension. (Tr. 10 and Sent. Entry). The court pointed out that the offense at hand constitutes appellant's tenth conviction, "easily demonstrating that this Defendant poses the greatest likelihood of committing future crimes." The court noted that it considered the record, the oral statements, the presentence report, the NCIC criminal history report, the purposes and principles of sentencing under R.C.2929.11, and the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 14} As aforementioned, the trial court considered that appellant committed the present offense while on parole for a prior offense. The court found that appellant has not responded favorably to sanctions previously imposed. The court also found that appellant admits to repeated drug and alcohol abuse without any attempt at rehabilitation indicating a pattern of reckless behavior and resulting in an extended criminal history. The court opined that appellant did not express genuine remorse, noting that he alternately stated that he was set up and that too much was being made of the offense.
 {¶ 15} The court also reviewed appellant's social history. For instance, he is twenty-seven years old with two years of community college. He lives with his mother but has seven dependents by seven different women, none of whom are currently being paid child support for which he is in arrears. He worked for ATT but quit even though he had seven children. (Tr. 13).
 {¶ 16} In declaring its reasoning for the sentence, the court stated that community control would demean the seriousness of the offense. The court also declared that prison is commensurate with appellant's conduct and is reasonably necessary to punish and deter appellant in order to protect the public from future crime. After weighing the seriousness and recidivism factors, the court concluded that appellant was not amenable to the available community control sanctions and that prison was consistent with the principles and purposes of sentencing as per R.C. 2929.13(C), (E)(1) and R.C. 2925.03(C)(4)(a).
 {¶ 17} In deviating from the minimum sentence of six months, the court found that appellant has previously been incarcerated on a felony offense. The court also stated that the shortest sentence would demean the seriousness of appellant's conduct and would not adequately protect the public, citing R.C. 2929.14(B). Although the court found that appellant posed the greatest likelihood of recidivism, a factor for imposing a maximum sentence under R.C. 2929.14(C), the court did not impose a maximum sentence of twelve months for the fifth degree felony. Rather, the court imposed eleven months in prison.
 {¶ 18} As the state points out, the court had plenty of reasons for imposing an eleven-month prison sentence besides the dismissed charges in Pennsylvania that may be refiled. Appellant cites no felony sentencing statutory violations but merely argues that consideration of the dismissed charges was inappropriate. However, the seriousness and recidivism factors listed in R.C. 2929.12 are a nonexhaustive list; the statute specifically allows consideration of "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C.2929.12(A). In four other places, the statute also provides, "and any other relevant factors." R.C. 2929.12(B), (C), (D), and (E). Thus, the dismissed charges for which appellant was incarcerated while he was supposed to be at sentencing could be considered under this catch-all provision.
 {¶ 19} Case law also supports this conclusion. Under the sexual predator statute, the phrase "all relevant factors," has been held to allow consideration of evidence of victims of sexual assaults for which convictions do not exist. See State v. Reed (May 16, 2001), 7th Dist. No. 00JE22, citing State v. Cook (1998), 83 Ohio St.3d 404, 423 and various other appellate districts.
 {¶ 20} More on point, the Sixth Appellate District concluded that the sentencing court's consideration of recent but uncharged robberies in Indiana was not improper as it is relevant to the issue of public safety. State v. Hanson (Mar. 22, 2002), 6th Dist. No. L-01-1217. See, also, State v. Newton (Dec. 21, 2001), 2d Dist. No. 18934 (where the court upheld consideration of two dismissed juvenile charges and an assault charge not yet adjudicated in determining the defendant's aggressive nature); State v. Peterson (Apr. 26, 1999), 4th Dist. No. 98CA19 (upholding consideration of a sentencing report which relied on other arrests and "run-ins" with police over the years).
 {¶ 21} In conclusion, "[i]t is well-established that a sentencing court may weigh such factors as arrests for other crimes." State v.Burton (1977), 52 Ohio St.3d 21, 23 (noting the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it and allowing consideration of an arrest that occurred just days prior to sentencing). Accordingly, this assignment of error is overruled.
 Assignment Of Error Number Two {¶ 22} Appellant's second and final assignment of error contends:
 {¶ 23} "Defendant Was Denied Effective Assistance Of Counsel."
 {¶ 24} Under this assignment, appellant claims that after he was arrested in Pennsylvania, he asked his attorney in the Belmont County case to have his plea vacated so he could take the case to trial. He states that his attorney did not do so and that this failure constitutes ineffective assistance of counsel.
 {¶ 25} We cannot address these contentions as they concern allegations that are de hors the record. See State v. Alicea, 7th Dist. No. 99CA36, 2002-Ohio-6907. The reviewing court cannot add matter to the record which was not part of the trial court proceedings and decide an appeal on the basis of such new matter. State v. Ishmail (1976),54 Ohio St.2d 402, syllabus. The reviewing court is limited to what transpired in the trial court as reflected in the record of the proceedings. Id. at 405-406. We can consider only that which was considered by the trial court and nothing more. Id. at 405. See, also,State v. Hartman (2001), 93 Ohio St.3d 274, 299 (explaining that if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal). Accordingly, this assignment of error is without merit.
 {¶ 26} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.