DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Vermilion Municipal Court, which denied pro se defendant-appellant Allen S. Bachman's R.C. 2941.401 motion to dismiss. From that judgment, Bachman, now raises four assignments of error:
 {¶ 2} "Assignment of Error I:
 {¶ 3} "The Vermilion Municipal Court abuses [sic] its discretion committed reversible error, to the prejudice of appellant, when it denied his notice of availability and refused to recognize the properly filed notice. In violation of due process equal protection, the 1st and 14th Amend USCA [sic] O Const Art 1 § 16 [sic].
 {¶ 4} "Assignment of Error II:
 {¶ 5} "The Vermilion Municipal Court abuses [sic] its discretion committed reversible error, to the prejudice of appellant, when it denied his properly filed motion to dismiss, after the 180 days time limit had elapsed on the captioned cases therein, and he was clearly entitled to relief by statute. In violation of due process equal protection, the 1st 14th Amend USCA [sic] O Const Art 1 § 16 [sic].
 {¶ 6} "Assignment of Error III:
 {¶ 7} "The Vermilion Municipal Court abuses [sic] its discretion committed reversible error, to the prejudice of appellant, when it issued a second journal entry denying appellant's properly filed motion to dismiss, therein stating that fines costs continue to be owed even after the 180 day statutory time limit elapsed; despite the fact that by statute, the court no longer has subject matter jurisdiction over the charges, after said time limit has elapsed. In violation of due process, equal protection, O Const Art IV § 4(B) Art 1 § 16 [sic].
 {¶ 8} "Assignment of Error IV:
 {¶ 9} "The Vermilion Municipal Court abuses [sic] its discretion committed reversible error, to the prejudice of appellant, when, after he presented a properly filed notice of availability and motion to dismiss. The court assigned only a single case number to the journal entry of denial, despite the fact there were 3 or more additional cases open or pending in the same court; thus, denying appellant his right to a speedy and final disposition on the additional cases. In violation of due process, equal protection, the 1st 14th Amend USCA [sic] and O Const Art 1 § 16 [sic]."
 {¶ 10} In his appellate brief, appellant lists numerous facts that are simply not in the record before this court. It is well established that an appellant court "cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. The record before this court reveals the following. On June 13, 1997, a complaint was filed in the Vermilion Municipal Court charging appellant with one count of criminal mischief in violation of R.C. 2909.07(A)(1), a third degree misdemeanor (case number CRB-9700266). On June 24, 1997, appellant appeared in court and pled guilty to the charge. The court then sentenced him to 30 days in jail, with 25 days suspended, and ordered him to pay a fine of $250.
 {¶ 11} On October 29, 2004, Bachman, while incarcerated in an unrelated case, wrote a letter to the Erie County Prosecuting Attorney notifying him of his availability for prosecution. The letter reads in relevant part:
 {¶ 12} "Respectfully, pursuant to § 2941.401 of the Ohio Revised Code; [sic] I, Allen Bachman DRC Inmate # 440998.00 am currently available for a fast and final adjudication of any and all matters that may be before your jurisdiction on an untried indictment, information, and/or complaint. I am currently incarcerated in the Marion Correctional Institution located at 940 Marion Williamsport Road in Marion, Ohio under the Wardenship of Christine Money. I would request that you expedite any and all matters that may be before you pursuant to Ohio law."
 {¶ 13} On November 23, 2004, the lower court issued a judgment entry denying Bachman's request and ordering him to report to the Vermilion Municipal Court upon his release to schedule any matters that are open. Subsequently, on May 16, 2005, Bachman filed a motion to dismiss "the above-captioned matter," that is, case number CRB9-700266, pursuant to R.C.2941.401, for failure to prosecute in a timely manner. In a judgment entry of May 20, 2005, the lower court denied Bachman's motion to dismiss. It is from that judgment that Bachman appeals.
 {¶ 14} R.C. 2941.401 governs the time period within which imprisoned individuals must be brought to trial on other pending charges, and reads in relevant part:
 {¶ 15} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 {¶ 16} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 17} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
 {¶ 18} "* * *
 {¶ 19} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 20} As is clear from the statute, R.C. 2941.401 does not apply to this case because this case does not contain an untried indictment, information or complaint. The record before us is clear. On June 24, 1997, Bachman appeared in open court, waived his rights to counsel and to a jury trial, and pled guilty to criminal mischief. He was then sentenced to a jail term and ordered to pay a fine. Apparently he has not yet paid the fine. R.C. 2941.401 is a speedy trial statute, not a mechanism through which a prisoner who has already been sentenced on other charges can avoid serving that sentence.
 {¶ 21} Accordingly, the trial court did not err in denying Bachman's request and refusing to dismiss the present case. The four assignments of error are not well taken.
 {¶ 22} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Vermilion Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. Concur.