JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Larry Ellington ("Ellington") appeals the trial court's denial of his motion to withdraw his guilty plea. For the following reasons we affirm the trial court.
 {¶ 2} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1, which provides in part:
 "(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be made by judgment entry in which case it will not be published in any form."
 {¶ 3} On October 19, 1999, Ellington pleaded guilty to one count of drug possession consisting of greater than one gram but less than five grams of crack cocaine. On November 30, 1999, the trial court sentenced Ellington to one year of community control sanctions.
 {¶ 4} In the interim, Ellington was criminally charged in a federal case and, pursuant to federal sentencing guidelines, is now subject to an enhanced sentence as a result of the case sub judice.
 {¶ 5} On February 21, 2007, seven and one-half years after his conviction and sentence, Ellington filed a motion to withdraw his guilty plea, which was denied by the trial court on February 23, 2007. Ellington argued the following in his motion: *Page 4 
he had no prior criminal history; he was young and afraid; he and his two codefendants, who all pleaded guilty, were caught with one bag of drugs among them; he was not appropriately advised that his guilty plea could greatly affect his future; and lastly, that a future felony conviction would be subject to enhanced sentencing pursuant to felony sentencing guidelines.
 {¶ 6} Ellington appealed asserting one assignment of error:
 "Appellant's change of plea was not knowingly, intelligently, and voluntarily made since the trial court's explanation of post-release control was not made in a reasonably thorough manner and was incomplete, insufficient, and ambiguous."
 {¶ 7} On appeal, Ellington argues that his plea was not knowingly, intelligently, and voluntarily made because the trial court failed to provide an adequate explanation of postrelease control sanction when he entered his guilty plea. We disagree.
 {¶ 8} Ellington failed to raise this issue with the trial court in his motion to withdraw his plea. "[I]t is well settled that appellate courts cannot decide appeals on the basis of information presented in a brief for the first time on appeal." State v. Pettry, Cuyahoga App. No. 78186, 2001 Ohio App. LEXIS 657; see, also, State v. Ishmail (1978),54 Ohio St.2d 402. "An issue is waived, absent a showing of plain error, if it is not raised at the trial level." State v. Phillips (1995),74 Ohio St.3d 72; State v. Glaros (1960), 170 Ohio St. 471; Crim.R. 52. Crim.R. 52(B) reads: "Plain *Page 5 
errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 9} Ellington never raised the issue of postrelease control and its effect on his plea with the trial court. Instead, Ellington raised this issue for the first time on appeal. We are thus precluded from deciding this issue absent a showing of plain error. See Pettry; see, also,Phillips.
 {¶ 10} In applying a plain error analysis to Ellington's appeal, we find no error because Ellington was never sentenced to postrelease control. Ellington was only sentenced to one year of community control sanctions. As Ellington completed his sentence in 2000, over six years ago, postrelease control cannot now be imposed. Thus, we find no defects affecting his substantial rights.
 {¶ 11} Additionally, the case sub judice is distinguishable from our recent decision in State v. Boswell (Oct. 25, 2007), Cuyahoga App. Nos. 88292, 88293. In Boswell, the trial court accepted Boswell's guilty plea in 2000, but failed to adequately inform him of postrelease control. The trial court sentenced Boswell to a total prison term of sixteen years. In 2005, the trial court granted Bowell's motion to vacate his plea for inadequately informing him of postrelease control. The State appealed and we affirmed. Ellington filed his motion to withdraw his guilty plea six years after completion of his one-year sentence of community control sanctions, a sentence in which imprisonment and postrelease control were not imposed.
 {¶ 12} Ellington's sole assignment of error is overruled. *Page 6 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MARY J. BOYLE, J., CONCUR. *Page 1