[Cite as *State v. Presnell*, 2011-Ohio-2801.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96172

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHESTER PRESNELL, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540965

**BEFORE:** Boyle, J., Kilbane, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 9, 2011

**ATTORNEY FOR APPELLANT**

Valentine Shurowliew
Stanley L. Josselson Co., LPA
The Marion Building, Suite 411
1276 West Third Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, Chester Presnell, Jr., pleaded guilty to attempted domestic violence and was sentenced to eleven months in prison.   He appeals his conviction, raising two assignments of error for our review:

{¶ 2}   "[1.] The trial court erred by not granting a hearing on appellant's motion for postconviction relief.

{¶ 3}   "[2.] The petitioner was not afforded effective assistance of counsel in that he

was induced into taking a plea by an attorney who was incapable of taking the case to trial due to his currently documented severe addictions and mental problems."

{¶ 4} Finding no merit to his appeal, we affirm.

## Postconviction Motion

{¶ 5} In his first assignment of error, Presnell claims the trial court erred when it denied his petition for postconviction relief.

{¶ 6} R.C. 2953.21(A)(1)(a) provides that "Any person who has been convicted of a criminal offense *** and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, *** may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence ***. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

{¶ 7} Presnell pleaded guilty on October 18, 2010. The trial court sentenced him on November 15, 2010. On November 16, 2010, Presnell moved to vacate his judgment and sentence. In his motion, he argued:

{¶ 8} "Now comes defendant Chester Presnell and asks the court to vacate his judgment in the above-referenced case and to vacate his sentence on the grounds that his previous attorney *** (as defendant recently learned) has a documented severe mental illness

suffered from addictions. This combination of circumstances made [his attorney] incapable of representing defendant's interests adequately."

{¶ 9} But the record before us shows that the trial court had not ruled on Presnell's postconviction motion as of December 15, 2010, when he filed his notice of appeal. Accordingly, his arguments here are premature, and Presnell's first assignment of error is overruled.

### Ineffective Assistance of Counsel

{¶ 10} In his second assignment of error, Presnell claims he was not afforded effective assistance of counsel due to his attorney's substance abuse addiction and mental health problems. Presnell makes no argument as to how his attorney's purported issues affected the voluntariness of his plea or that the issues caused him to enter into his plea unknowingly, nor do we find anything in the record to suggest it. Presnell does attach several documents to his brief *to this court*, purporting to show that his attorney had these issues, but we cannot consider these documents. And even if we could, the documents would not establish that Presnell's plea was involuntary.

{¶ 11} In a direct appeal of a criminal case, appellate review is limited "to what transpired in the trial court as reflected by the record made of the proceedings." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 405-06, 377 N.E.2d 500. A claim that requires consideration of materials outside of the record of proceedings in the trial court is not the type

of claim that can be considered on direct appeal. *State v. Carter* (2000), 89 Ohio St.3d 593, 606, 734 N.E.2d 345. Rather, Presnell's "claim is more suitable to postconviction relief, where this additional evidence could be presented." *State v. Ushry*, 1st Dist. No. C-050740, 2006-Ohio-6287, ¶43.

{¶ 12} Presnell's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
MELODY J. STEWART, J., CONCUR