[Cite as *J.R. v. N.M.*, 2011-Ohio-2782.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95255

## J.R.

PLAINTIFF-APPELLANT

vs.

## N.M., ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Juvenile Court Division
Case No. SU 95772237

**BEFORE:** E. Gallagher, J., Kilbane, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**     June 9, 2011

**ATTORNEY FOR APPELLANT**

**For J.R. (Mother)**

Andrew S. Pollis
Lindsey E. Sacher, Legal Intern
Milton A. Kramer Law Clinic Center
C.W.R.U. School of Law
11075 East Boulevard
Cleveland, Ohio   44106

**FOR APPELLEE**

**For N.M. (Father)**

N.M.
9822 Bessemer Ave.
Cleveland, Ohio   44104

**ATTORNEY FOR C.S.E.A.**

Joseph C. Young
Assistant County Prosecutor
C.S.E.A.
1910 Carnegie Ave., 2nd Floor
Cleveland, Ohio   44115

EILEEN A. GALLAGHER, J.:

{¶ 1}  Appellant J.R. ("J.R.") appeals from the decision of the trial

court, which determined the existence of an overpayment of child support. J.R. argues that the trial court erred when it failed to provide timely and adequate notice of the overpayment and without providing her with a meaningful opportunity to be heard. For the following reasons, we affirm the decision of the trial court.

{¶ 2} On June 23, 1995, the Child Support Enforcement Agency ("C.S.E.A.") established a parent-child relationship under case No. P00015657 between the child I.M. ("child"), born January 31, 1992 and N.M. ("N.M.") as the father. Subsequently J.R. and N.M., in conjunction with the county prosecutor, completed a guideline worksheet consenting to a specific child support amount, admitting to N.M.'s deviation from the current support guidelines and stipulating to past child support due to J.R. in the amount of $1,540. In particular, the parties agreed that N.M. would pay thru C.S.E.A. $69.23 every two weeks plus a 2% fee beginning April 26, 1996 as well as $10 every two weeks plus a 2% fee on past child support to J.R. for care and support for the child.

{¶ 3} On February 1, 2010, C.S.E.A. sent a letter to J.R. and N.M. informing the parties that it initiated an investigation regarding termination of child support. On February 24, 2010, C.S.E.A. issued its findings of fact and recommendations, through which it terminated the support obligation

on the child because she had reached the age of majority. Additionally, C.S.E.A. found that an overpayment of $2,848.39 existed, although the agency did not explain the manner or means for which this overpayment accrued. C.S.E.A. mailed the findings of fact and recommendations to the parties and included therein a request for administrative hearing form, which provided the parties with an opportunity to object to the agency's findings at a hearing. The parties were given until March 29, 2010 to object and request an administrative hearing. After no objections were received, C.S.E.A. filed its recommendations with the trial court, which subsequently journalized its order adopting the termination findings on May 13, 2010. A copy of this order was sent to the parties.

{¶ 4} It is from this journal entry that J.R. now appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶ 5} In her first assignment of error, J.R. argues that the trial court erred in finding an overpayment of child support because it failed to provide timely and adequate notice of the overpayment. We disagree.

{¶ 6} Pursuant to R.C. 3119.89, C.S.E.A., has the authority to conduct an investigation upon its own initiative if it receives notice, or if it otherwise has reason to believe that the child support order should terminate. Once its investigation is complete, C.S.E.A. is required to provide the parties with

notice of the results of its investigation as well as notice of their right to request an administrative hearing regarding the conclusions reached. R.C. 3119.90(B). C.S.E.A. is also required to inform the parties "that the conclusions of the investigations will be submitted to the court for inclusion into a revised or terminated court child support order with no further court hearing if the underlying order is a court child support order." R.C. 3119.90(B)(3)(b). Lastly, R.C. 3121.23 requires service of Chapter 3119 notices at the last known address of the party.

{¶ 7} The trial court record reflects that C.S.E.A. initiated an investigation, issued findings and recommendations, journalized those findings and recommendations, and sent the required notices to both parties, all compliant with the O.R.C. All notices were mailed to J.R. at her listed address of 45 Hallmark Lane, Covington, Georgia, 30014. However, throughout her brief, J.R. claims that notices of all of the above were sent to the wrong address, that she had moved from Georgia to Cleveland, and she only discovered the emancipation order when she returned to Georgia for a visit. J.R. further claims that she notified C.S.E.A. of her change of address although she admits in her brief that C.S.E.A. has no record of this change of address.

{¶ 8} Unfortunately, J.R.'s allegations cannot be verified or refuted by

reference to the record before this court. J.R.'s last known address in the record is 45 Hallmark Lane, Covington, Georgia, 30014 and, therefore, service to that address was sufficient pursuant to R.C. 3131.23. Any evidence J.R. may have supporting her allegations that she notified C.S.E.A. is outside of the appellate record and unfortunately, outside of this court's purview. As stated in *State v. Ishmael* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, "a reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."

**{¶ 9}** Accordingly, J.R.'s first assignment of error is overruled.

**{¶ 10}** In her second assignment of error, J.R. claims the trial court violated her due process rights when it issued its order without providing her with notice and a meaningful opportunity to be heard. We find this assigned error to lack merit.

**{¶ 11}** As stated above, C.S.E.A. included in its findings the required notices to the parties regarding their right to request an administrative hearing, along with the explanation that if no hearing is requested, "the conclusions of the investigations will be submitted to the court for inclusion into a revised or terminated court child support order with no further court hearing if the underlying order is a court child support order." R.C.

3119.90(B)(3)(b). C.S.E.A. also provided notice to the parties that should either party timely request an administrative hearing, the revised order would not be issued as described; instead, the court would schedule a hearing, provide notice and an opportunity to be heard to the parties and after conducting a hearing, issue a decision. R.C. 3119.90(B)(4)–.91.

{¶ 12} Accordingly, once C.S.E.A. provides notice, it is up to the parties to request an administrative hearing. R.C. 3119.90. In the present case, we already determined that C.S.E.A. properly served all notices on J.R.'s last known address. It was, therefore, up to J.R. to request the administrative hearing and we cannot say that the trial court acted erroneously in journalizing the emancipation order without an administrative hearing when no such hearing was requested.

{¶ 13} Lastly, J.R. argus that C.S.E.A. violated her due process rights in allowing the $2,848.39 overpayment to accrue. Specifically, J.R. argues that "if C.S.E.A.'s policies and procedures for calculating monthly payments do not provide child support obligees with timely notice of excessive payments, then the policy and procedure itself violates due process." There is no authority to support J.R.'s argument.

{¶ 14} Ohio law recognizes that for any number of reasons, overpayment of child support can occur. See *Dietrich v. Dietrich* (Aug. 5,

2010), Cuyahoga App. No. 93786, 2010-Ohio-3608; R.C. 3123.821(B); and O.A.C. 5101: 12-50-20.3, Overpaid Child Support. Although the methods of collection of such overpayment may vary, it is clear that the accumulation of an overpayment itself, does not violate the due process rights of any party involved. Appellant's second assignment of error is overruled.

{¶ 15} For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is advised to heed C.S.E.A.'s recommendation that she seek relief in the trial court, "where her issues may be properly raised, litigated and resolved based on the evidence presented."

{¶ 16} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and

MELODY J. STEWART, J., CONCUR

## APPENDIX

**Assignments of Error:**

"I.   The trial court erred in finding an overpayment of child support because J.R. did not receive timely, adequate notice of the overpayment as required by O.R.C. §§ 3119.90(B) and 3121.23._

_II.   The trial court violated due process when it found an overpayment of child support without providing J.R. with notice and a meaningful opportunity to be heard."