[Cite as *Perry v. Perry*, 2011-Ohio-3514.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| ANGELA PERRY | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00003 |
| DOUG PERRY | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 10DR0166

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 14, 2011

APPEARANCES:

For Plaintiff-Appellant

JOEL R. ROVITO
7538 Slate Ridge Blvd.
Reynoldsburg, OH 43068

For Defendant-Appellee

BRIAN C. BURRIER
400 South Fifth Street, Ste. 302
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Plaintiff-appellant Angela Perry appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which entered a divorce decree incorporating a separation agreement and a shared parenting plan between appellant and defendant-appellee Doug Perry. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ACCEPTING THE MEMORANDUM OF AGREEMENT AND INCORPORATING IT INTO A FINAL DECREE OF DIVORCE AS THAT DOCUMENT WAS SIGNED BY PLAINTIFF-APPELLANT UNDER DURESS, UNDUE INFLUENCE AND COERCION."

{¶3} The record before us contains a document captioned "Settlement Memorandum" filed on November 8, 2010. It states in pertinent part: "The parties agree to terminate their marriage based upon the attached agreement and shared parenting plan". Both parties and their counsel signed the memorandum, and attached to the memorandum are signed copies of a separation agreement and a shared parenting plan. However, the agreements appear to be preliminary drafts of the agreements with portions of the printed documents crossed out and handwritten changes made and initialed by the parties. The settlement memorandum states appellee's attorney would prepare the final paperwork.

{¶4} Thereafter, on December 7, 2010, the trial court entered a final decree of divorce, attaching final renderings of the separation agreement and shared parenting agreement which were re-typed to reflect the changes the parties had made in the

original documents. However, only appellee signed the revised documents and decree and the line for appellant's signature states "submitted but not returned".

**{¶5}** Appellant asserts she signed the original agreements under duress after negotiating with appellee out of the presence of the parties' counsel. The record is silent on this matter. It does not appear appellant ever informed the court that she did not agree to be bound by the documents or had been under duress when she signed them. The court had before it a memorandum and rough drafts signed by appellant. The absence of appellant's signature on the final drafts of the two agreements, taken alone, did not give the court notice that she had not willingly signed the earlier documents.

**{¶6}** "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. See, also, *State v. Coleman* (1999), 85 Ohio St.3d 129, 133, 707 N.E.2d 476, 483. Issues not raised before the trial court cannot be raised for the first time on appeal. *Estate of Brewer v. Black*, Stark App. No. 2010-CA-00096, 2010-Ohio-3584 at paragraph 32, citing *Holman v. Grandview Hospital & Medical Center* (1987), 37 Ohio App. 3d 151, 157, 524 N.E. 2d 903.

**{¶7}** The assignment of error is overruled.

{¶8} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.

By Gwin, P. J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0629

[Cite as *Perry v. Perry*, 2011-Ohio-3514.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ANGELA PERRY                           :
                                       :
           Plaintiff-Appellant         :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
DOUG PERRY                             :
                                       :
                                       :
           Defendant-Appellee          :        CASE NO. 2011-CA-00003


     For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is

affirmed.  Costs to appellant.


                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. JOHN W. WISE


                                       _____
                                       HON. JULIE A. EDWARDS