[Cite as *Lemon v. First Knox Natl. Bank*, 2016-Ohio-419.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| RODNEY LEMON | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Defendant-Appellant | |
| -vs- | |
| | Case No. 15 CA 15 |
| FIRST KNOX NATIONAL BANK | |
| Plaintiff-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Mount Vernon
Municipal Court, Case No. 15 CVF 00133


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: February 4, 2016


APPEARANCES:

For Defendant-Appellant                 For Plaintiff-Appellee

RODNEY G. LEMON, PRO SE
4459 State Route 13 North
Shiloh, Ohio  44878

*Wise, P. J.*

**{¶1}** Defendant-Appellant Rodney Lemon appeals the decision of the Mount Vernon Municipal Court, which ruled in favor of Plaintiff-Appellee First Knox National Bank in a breach of contract and replevin action. The relevant facts leading to this appeal are as follows.[1]

**{¶2}** In December 2011, appellant purportedly executed a promissory note in favor of appellee in the amount of $8,848.74, with terms of forty-one monthly payments of $248.01 commencing January 14, 2012. *See* Complaint Exhibit A.

**{¶3}** Appellant apparently did not make the required payments as per the terms of the aforesaid note. On March 4, 2015, appellee filed a civil complaint in the Mount Vernon Municipal Court, Knox County, seeking monetary damages and possession of collateral construction equipment.

**{¶4}** The matter came on for trial on July 8, 2015. Appellant did not appear.

**{¶5}** Via a judgment entry issued July 13, 2015, the trial court awarded judgment in favor of appellee in the amount of $2,340.65 plus three percent interest, along with costs and attorney fees. The trial court further granted appellee possession of a 1976 Ford F-600 truck, a Kubota front bucket loader, a Kubota backhoe, and a Kubota tractor. Finally, the court ordered: "[Appellee] will conduct a reasonable commercial sale of the property and such amount received will be deducted from the judgment amount minus any costs." Judgment Entry at 1.

---

[1] Appellant's *pro se* brief lacks a statement of the facts and a proper statement of the case, and appellee has not filed a response brief herein. We have gleaned our assessment of the facts from our customary review of the trial court file.

**{¶6}** On August 10, 2015, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:

**{¶7}** "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT LETING [SIC] ME KNOW WHEN THE HEARING WAS UNTIL 15 MINUTES BEFORE HEARING.

**{¶8}** "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT SEEING THE PAPERWORK I SENT THE COURT ABOUT THE KUBOTA TRACTOR BEING SOLD LONG BEFORE CASE.

**{¶9}** "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT RECONGONIZING [SIC] 2329.66(5) [SIC] OF THE OHIO REVISED CODE.

**{¶10}** "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT BUSSINESS [SIC] DIDN'T MAKE MONEY AND THE BANK HAD BEEN PAID WITH PENSION MONEY."

I.

**{¶11}** In his First Assignment of Error, appellant appears to contend the trial court erred by allegedly providing him with inadequate notice of the hearing of the trial date. We disagree.

**{¶12}** Although appellant's brief does not comply with the rules for a proper brief set forth in App.R. 16(A), our review of the file before us and the trial court's docket printout indicates that via a written court order issued March 18, 2015, both sides were given a deadline of May 13, 2015 to file any necessary motions, with a response deadline of June 10, 2015. The trial court then noted that any remaining issues would be heard at a bench trial scheduled for July 8, 2015 at 2:15 PM. Appellant was served with the

aforesaid notices via a certificate of mailing on March 18, 2015. *See* Docket Entry No. 4. Furthermore, appellant concedes the trial court went the extra mile and directed a telephone call to him on the trial date when he failed to appear. The transcript of the July 8, 2015 proceedings likewise indicates the bailiff informed the court that the chief deputy clerk had recently spoken with appellant, who apparently was "confused on the date." *See* Tr. at 4.

{¶13} Appellant's present brief does not include an argument with citations to authorities, statutes, and portions of the record on which he relies, as required by App.R. 16(A)(7). He thus fails to develop a cogent argument as to why the notice of the trial date as presumptively indicated by the docket was inadequate under the Civil Rules. It is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *See Sisson v. Ohio Department of Human Services,* 9th Dist. Medina No. 2949–M, 2000 WL 422396.

{¶14} Appellant's First Assignment of Error is therefore overruled.

II., IV.

{¶15} In his Second and Fourth Assignments of Error, appellant contends the trial court erred in not reviewing certain claimed evidence regarding ownership of the Kubota tractor, the insolvency of appellant's business, and alleged prior payments from his pension monies.

{¶16} Upon review, we hold that appellant, by failing to appear at trial and present evidence or object to the admission of appellee's evidence, has waived his right to raise the aforesaid evidentiary claims in the within appeal. *See Cervelli v. Cervelli*, 11th Dist. Geauga No. 92-G-1703, 1993 WL 130103, (Mar. 26, 1993).

**{¶17}** Appellant's Second and Fourth Assignments of Error are therefore overruled.

III.

**{¶18}** In his Third Assignment of Error, appellant contends the trial court committed reversible error in light of R.C. 2329.66. We disagree.

**{¶19}** Appellant directs us to R.C. 2329.66(A)(5), which states as follows:

**{¶20}** "Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: *** The person's interest, not to exceed an aggregate of two thousand twenty-five dollars, in all implements, professional books, or tools of the person's profession, trade, or business, including agriculture. ***."

**{¶21}** However, as a general rule, our review on appeal is limited to those materials in the record that were before the trial court. *In re McClain,* 5th Dist. Licking No. 01 CA92, 2002–Ohio–2467, 2002 WL 710434, citing *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. Based on the procedural events in the case *sub judice*, we find nothing in the trial court record to properly assist us in determining whether the aforesaid exemption would impact the court's order of bank possession of the truck and other equipment.

**{¶22}** Appellant's Third Assignment of Error is overruled.

**{¶23}** For the reasons stated in the foregoing opinion, the decision of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 121